**Jim Carol MARTIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 238–92, 239–92.**

Court of Criminal Appeals of Texas, En Banc.

May 13, 1992.

Richard Alan Anderson on appeal only, Dallas, for appellant.

Frank Long, Dist. Atty., Robert E. Newsom, Asst. Dist. Atty., Sulphur Springs, Robert Huttash, State's Atty., Austin, for the State.

BAIRD, Judge, dissenting.

The jury convicted appellant of the offense of aggravated sexual assault pursuant to Tex.Penal Code Ann. § 22.021 which is an offense listed in Tex.Code Crim.Proc. Ann. art. 42.12, § 3g(a)(1). Therefore, the trial judge should have instructed the jury as follows:

> Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time off the period of incarceration imposed through the award of good conduct time. Prison au-

thorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.

It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.

Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served equals one-fourth of the sentence imposed or 15 years, whichever is less, *without consideration of any good conduct time he may earn.*[1] If the defendant is sentenced to a term of less than six years, he must serve at least two years before he is eligible for parole. Eligibility for parole does not guarantee that parole will be granted.

It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

*See,* Tex.Code Crim.Proc.Ann. art. 37.07, § 4(a).

However, the trial judge *erroneously* instructed the jury as follows:

Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time off the sentence imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, dil-

igence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.

It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.

Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served *plus any good time earned equals one-fourth of the sentence imposed.* Eligibility for parole does not guarantee that parole will be granted.

It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

*See,* Tex.Code Crim.Proc.Ann. art. 37.07, § 4(c).

On direct appeal, appellant *correctly* contended the trial court erroneously instructed the jury. However, the Court of Appeals held in Cause No. 6–90–103–CR:

Relying on *Rose v. State,* 752 S.W.2d 529 (Tex.Crim.App.1987), Martin first contends that the trial court committed fundamental error in its charge to the jury in the punishment phase of the trial by including an instruction concerning Martin's parole eligibility under TEX. CODE CRIM.PROC.ANN. art. 37.07, § 4 (Vernon Supp.1992). His reliance on *Rose* is misplaced. A change in the Texas Constitution, effective November 7,

---

1. Unless otherwise indicated, all emphasis here-in is supplied by the author.

1989, gave the Legislature the authority to enact parole laws and laws that require or permit courts to inform juries about the effect of good conduct and eligibility for parole on the period of incarceration served by a defendant convicted of a criminal offense. *See,* TEX. CONST. art. IV, § 11(a). The Legislature did so by reenacting Section 4 of Article 37.07, effective November 7, 1989. *See,* TEX.CODE CRIM.PROC. ANN. art. 37.07, § 4. Martin's trial began on October 4, 1990, and judgment of conviction was entered and sentence was imposed on October 23, 1990, almost a year after the reenactment of Article 37.-07, § 4 became effective. The trial judge did not err in giving the parole instruction to the jury. (Citations omitted.)

*Martin v. State,* 823 S.W.2d 391, 392 (Tex. App.—Texarkana 1992).

In Cause No. 6–90–104–CR, the Court of Appeals held:

> Relying on *Rose v. State,* 752 S.W.2d 529 (Tex.Crim.App.1987), Martin contends that the trial court committed fundamental error in its charge to the jury in the punishment phase of the trial by including an instruction concerning Martin's parole eligibility under TEX.CODE CRIM.PROC.ANN. art. 37.07 (Vernon 1981 & Supp.1992). The trial court's instruction on good conduct time and parole is specifically authorized by statute. (Footnote omitted.) The trial judge did not error in giving the parole instruction the jury. (Citations omitted.)

*Martin v. State,* 823 S.W.2d 395, 396 (Tex. App.—Texarkana 1992).

In his sole ground for review before this Court, appellant *correctly* contends the Court of Appeals erroneously resolved his point of error. Appellant argues: "The problem with the Court's charge to the jury and *the point that was missed by the Court of Appeals, is that the offense for which the Appellant was charged is an offense in which no good time is allowed* ...."

The trial court erroneously instructed the jury on the issue of parole. The Court of Appeals misinterpreted appellant's point of error and, therefore, did not address the merits of appellant's arguments in support of that point. Today, a majority of this Court chooses to ignore those facts and refuse appellant's petition for discretionary review. However, I believe we should summarily grant appellant's petition and remand the case to the Court of Appeals for further consideration in light of this opinion. Because the majority refuses to afford appellant a proper review of this ground for review, I respectfully dissent.

MILLER and MALONEY, JJ., join this opinion.