# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00344-CR

**Frederico Daniel Garcia, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
### NO. 0994572, HONORABLE BOB PERKINS, JUDGE PRESIDING

Appellant Frederico Daniel Garcia was convicted of aggravated assault, Tex. Pen. Code Ann. ' 22.02 (West 1994), for which punishment was assessed at ten years= confinement in the Institutional Division of the Texas Department of Criminal Justice, plus a $10,000 fine. Appellant presents three issues complaining that the trial court erred by: (1) denying appellant a hearing on his motion for new trial; (2) permitting the State to elicit details of a prior conviction of assault; and (3) admitting rebuttal testimony to impeach appellant=s testimony regarding his prior conviction of assault. We will affirm the judgment of the trial court.

### FACTUAL AND PROCEDURAL BACKGROUND

At trial, the State presented evidence that appellant, without provocation, repeatedly struck the victim in the face with his fists, rendering the victim unconscious and breaking his jaw. Appellant also testified at the trial, giving his version of the events. At the conclusion of appellant=s testimony, his trial counsel, in anticipation of impeachment, elicited testimony from appellant regarding his prior conviction for assault of a young woman. Appellant admitted he pleaded guilty to

the assault, but he explained that he had gotten into a fight with the young woman=s boyfriend in a club and that she had been injured during the fight.

On cross-examination, the prosecutor questioned appellant regarding the specific details of his previous assault conviction. The prosecutor also questioned appellant regarding an allegation that he pushed another young woman during the same incident. The State called two witnesses during rebuttal to impeach appellant=s testimony. Kelly Anderson, the victim in the previous assault conviction, testified that she was not dancing with her boyfriend or any male; rather, she was dancing with her girlfriends when she saw appellant push one of them. She testified she then confronted him, and he hit her in the eye. Ashley Romaneck, a witness to the assault, also testified. She explained that several girls were dancing together; appellant began dancing with one of the girls, Allison Shell, which made Shell uncomfortable. When Shell asked appellant to leave them alone, he pushed her. Romaneck testified she then saw Anderson speaking to appellant and then saw him hit her in the eye.

The jury found appellant guilty of aggravated assault. Appellant filed a motion for new trial and then filed an amended motion, which was overruled by operation of law. He now appeals to this Court.

## MOTION TO STRIKE

Before reaching the merits of appellant=s issues, we first address his motion filed in this Court asking us to strike the State=s brief or, alternatively, asking us to require the State to re-brief its arguments due to what appellant characterizes as the State=s Aserious violations@ of rule 47.7. *See* Tex. R. App. P. 47.7. Rule 47.7 provides that A[o]pinions not designated for publication by the court of

**2**

appeals have no precedential value and must not be cited as authority by counsel or by a court.@ *Id.* It is undisputed that the State cited two unpublished opinions in its brief to this Court. The State, however, has provided a reasonable explanation for this oversight.[1] Rather than imposing either of the remedies suggested by appellant, we will strike and disregard only those unpublished opinions and confine our review to those matters properly before this Court. *See Carlton v. Trinity Universal Ins. Co.*, 32 S.W.3d 454, 458 (Tex. App.CHouston [14th Dist.] 2000, pet. denied).

## MOTION FOR NEW TRIAL

In his first issue, appellant contends that the trial court erred by denying him a hearing on his motion for new trial. Our review of the record, however, does not indicate that appellant requested a hearing on his original motion for new trial or on his amended motion for new trial. As a result, appellant cannot complain on appeal that the trial court failed to hold a hearing when he failed to request a hearing. *See Edwards v. State*, 37 S.W.3d 511, 514 (Tex. App.CTexarkana 2001, no pet.); *Tidmore v. State*, 976 S.W.2d 724, 732 (Tex. App.CTyler 1998, pet. ref=d) (Aa trial court does not err by failing to hold a hearing where none is requested@); *Brooks v. State*, 894 S.W.2d 843, 847 (Tex. App.CTyler 1995, no pet.) (Athe trial court is not required to convene a hearing on a motion for new trial absent a request by the movant for such hearing@); *Martin v. State*, 823 S.W.2d 395, 397 (Tex. App.CTexarkana 1992), *pet. ref=d*, 830 S.W.2d 137 (Tex. Crim. App. 1992); *Smith v.*

---

[1] The State provided an affidavit to this Court indicating that the electronic research tool it used failed to indicate, as is the normal practice, that the opinions were unpublished opinions.

*State*, 797 S.W.2d 243, 250 (Tex. App.CCorpus Christi 1990, pet. ref=d), *cert. denied*, 502 U.S. 975 (1991).

Furthermore, the record does not indicate that appellant presented his amended motion for new trial to the trial court in a timely manner. Rule 21.6 of the Texas Rules of Appellate Procedure provides in pertinent part A[t]he defendant must present the motion for new trial to the trial court within 10 days of filing it, . . . .@ Tex. R. App. P. 21.6. The verb Apresent@ as used in rule 21.6 Ameans the record must show that the movant for a new trial sustained the burden of actually delivering the motion for new trial to the trial court or otherwise bringing the motion to the attention or actual notice of the trial court.@ *Carranza v. State*, 960 S.W.2d 76, 79 (Tex. Crim. App. 1998). Simply filing the motion is not sufficient to demonstrate that the motion has been Apresented@ within the meaning of rule 21.6. *Id.* at 78.

Appellant contends that he presented his motion for new trial to the court coordinator and directs our attention to *Butler v. State*, 6 S.W.3d 636 (Tex. App.CHouston [1st Dist.] 1999, no pet.). The *Butler* court held that Apresentation to the court coordinator satisfies the presentment requirement of giving actual notice to the trial court.@ *Id.* at 641. Our review of the record, however, does not indicate that the motion for new trial was ever Apresented@ to the court coordinator within the meaning of rule 21.6. Appellant directs our attention to an unsigned, undated Acertificate of presentation@ that appears on the last page of his amended motion for new trial as evidence of presentment. We do not find this sufficient evidence of presentment. *See Oestrick v. State*, 939 S.W.2d 232, 235 (Tex. App.CAustin 1997, pet. ref=d) (citing *Owens v. State*, 832 S.W.2d 109, 111 (Tex. App.CDallas 1992, no pet.), holding that a document entitled Acertificate of presentment@ and

**4**

signed by defense counsel was insufficient evidence of presentment).[2]  Appellant also directs our attention to a notation on the court=s docket sheet of the existence of an amended motion for new trial.  The docket entry is one line that reads A4-2-01 Amended Motion for New Trial."  However, we find no evidence in the record that this notation was made by the court coordinator or what event the notation represents.[3]  Accordingly, we find there is insufficient evidence in the record to demonstrate proper presentment.

---

[2]  We also note that the *Butler* court, recognizing the importance of establishing that a motion has been presented, stated:

> We have held previously that A[i]t behooves a defendant to memorialize presentment within 10 days by obtaining a written notation on a proposed order setting the motion for new trial on a specific date.@ *Simpson v. State*, 962 S.W.2d 57, 58 (Tex. App.CHouston [1st Dist.] 1997, no pet.).  In light of this opinion, we suggest that criminal defense attorneys obtain a written, dated notation from the court coordinator memorializing the timely presentment.

*Butler v. State*, 6 S.W.3d 636, 643, n.7 (Tex. App.CHouston [1st Dist.] 1999, no pet.).

[3]  This notation may have been placed on the docket sheet by the court clerk and may simply reflect the

date the document was filed. Contrast the notation at issue in the present case with the notation provided on the docket sheet in *Daniels v. State*, 63 S.W.3d 67 (Tex. App.C Houston [14th Dist.] 2001, no pet.). In that case, the court held that the docket entry was sufficient to establish presentment where the docket entry specifically indicated A Motion For New Trial was presented to the Court.@ *Id*. at 69.

Even assuming appellant had preserved his first issue for our review, however, his motion does not present reasonable grounds for granting a new trial. Appellant contends he is entitled to a new trial because he was denied the right to the presumption of innocence; he complains that he was forced to wear a leg restraining device during his trial without a prior determination of necessity and he was accompanied to and from the witness stand by a uniformed and armed Sheriff=s deputy.

In reviewing a trial court=s decision to deny a hearing on a motion for new trial, we use an abuse-of-discretion standard. *State v. Gonzalez*, 885 S.W.2d 692, 696 (Tex. Crim. App. 1993); *Oestrick,* 939 S.W.2d at 236. We may reverse only if the trial court=s decision was so clearly wrong that it lies outside that zone within which reasonable persons might disagree. *Gonzalez*, 885 S.W.2d at 695; *Daniels v. State*, 63 S.W.3d 67, 69 (Tex. App.CHouston [14th Dist.] 2001, no pet.). To be entitled to a hearing on a motion for new trial, the motion must be accompanied by one or more affidavits that: (1) raise matters that cannot be established from the record; and (2) show that reasonable grounds exist for granting a new trial. *See Jordan v. State*, 883 S.W.2d 664, 665 (Tex. Crim. App. 1994); *Reyes v. State*, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993); *Oestrick,* 939 S.W.2d at 236. Although an affidavit need not contain every component legally required to establish relief, the motion or affidavit must establish that reasonable grounds exist for holding that relief could be granted. *Jordan*, 883 S.W.2d at 665; *Reyes*, 849 S.W.2d at 816. An affidavit that is conclusory and unsupported by facts is insufficient. *Jordan*, 883 S.W.2d at 665; *Daniels*, 63 S.W.3d at 69.

In the present case, the only affidavit provided was appellant=s affidavit, and it was conclusory in nature. For example, appellant stated that Athe bottom of the brace would be

**7**

noticeable below my pants@ and Athe brace made a loud click when it locked. I think the jury would=ve heard this. They also would have seen me bend down to unlock it at the knee.@ After stating that he was also escorted by the Sheriff=s deputy, appellant concludes that Abased on these facts it was reasonably clear that I was in custody at the time of my trial.@ Appellant asserts that these facts undermined his presumption of innocence.

In order for us to conclude that the trial court abused its discretion, appellant must affirmatively demonstrate that he was prejudiced by the circumstances he described in his motion. *Swanson v. State*, 722 S.W.2d 158, 163 (Tex. App.CHouston [14th Dist.] 1986, pet. ref=d). Appellant has failed to demonstrate and our review of the record fails to indicate that appellant was prejudiced in this case. He raised no objection or complaint at trial. He did not request the judge to instruct the jury that no inferences could be drawn against him based on his leg restraint. He has provided no evidence indicating that the jury realized that the leg restraining device indicated that he was in custody. He did not present any statement or argument to the trial court indicating how he was harmed by the circumstances described. What we are able to discern from the record, however, is that the trial judge was present in the courtroom at all times the jury was present in the courtroom. Accordingly, the judge was present when the events occurred and was in a position to evaluate those events. Because appellant=s affidavit complains solely of events that occurred inside the courtroom and in the judge=s presence, the trial court did not abuse its discretion in denying appellant a hearing on his motion for new trial. We conclude that appellant=s affidavit was insufficient to put the trial court on notice that reasonable grounds existed for granting him a new trial.

**8**

Having concluded that appellant failed to preserve his first issue for review and, further, even assuming this issue was properly preserved, that the trial court did not abuse its discretion in denying appellant a hearing on his motion for new trial, we overrule his first issue.

## TESTIMONY REGARDING EXTRANEOUS ASSAULT CONVICTION

### 1. Cross-Examination Testimony

In his second issue, appellant contends that the trial court erred by permitting the State to elicit details of his prior conviction for assault. We review the admission of extraneous-offense evidence under an abuse-of-discretion standard. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990). If the trial court=s decision to admit the testimony lies Awithin the zone of reasonable disagreement,@ we will uphold the decision. *Montgomery*, 810 S.W.2d at 391.

A[A]n accused puts his character for veracity (as opposed to his moral character) in issue by merely taking the stand, and thus he may be impeached in the same manner as any other witness.@ *Hammett v. State*, 713 S.W.2d 102, 105 (Tex. Crim. App. 1986). As a result, once a defendant voluntarily takes the witness stand, he may be cross-examined, impeached, contradicted, made to give evidence against himself, and treated in every respect as any other witness except where there are overruling constitutional or statutory provisions. *Sanchez v. State*, 707 S.W.2d 575, 577 (Tex. Crim. App. 1986); *Lopez v. State*, 990 S.W.2d 770, 777 (Tex. App.CAustin 1999, no pet.). A witness may be impeached regarding his criminal history if the conviction is for a felony or a crime of moral turpitude. *Lopez*, 990 S.W.2d at 777. Appellant=s prior conviction was for the assault of a young woman, Kelly Anderson, which is a crime of moral turpitude. *See id.* at 778-779.

9

On direct examination, appellant=s counsel elicited the following testimony from him regarding his prior conviction:

Q.  Okay.  And will you tell the jury the circumstances around that?  Do you remember about when that happened?

A.  I think it was probably a year before August 13th C I don=t remember the exact time.  It=s been a while ago.  But it was not an assault on her.

Q.  Well, okay.  Where did this happen?

A.  This happened in the Buffalo Club, which I believe is on 7th Street, I think.  It=s still in the entertainment district.

Q.  Okay.  What was [sic] the circumstances behind the assault?

A.  The circumstances was [sic] that I was getting into a fight with C I believe it was her boyfriend or was her boyfriend.

Q.  What precipitated the fight between you and her boyfriend?

A.  What happened was that C the Buffalo Club is a big dance floor.  There=s no tables; there=s no nothing.  So everybody is dancing in the middle.  If you want to get to the bathrooms, you have to walk through the dance floor to get to the bathrooms.  When I was walking towards the bathroom with my friends, me and him hit each other C

Q.  You and him who?

A.  Me and the boyfriend of the girl.

Q.  All right.

A.  We hit each other or rubbed each other or something that we both didn=t agree on.  And me and him, in mutual combat, got into a fight.

Q.  Okay.  So you guys start duking it out on the dance floor?

A.  Me and him started getting in a fight on the dance floor.

**10**

Q. How did she get involved?

A. She was not involved. What she was is either around us, or because they were dancing together, either she got in the middle or eitherCI don=t know exactly what happened with her, but she hadCit was absolutely nothing to do with her. This argument or fight had nothing to do with her.

Q. But she eventually got hit, correct?
A. I believe that she got hit or fell down, or something happened when me and this other person were getting into a fight.

Q. Okay. But she=s the one who filed?

A. And she was the one that filed the assault charge.

Q. Of which you pled guilty orC

A. Which I pled guilty to it.

When a defendant leaves a false impression during direct examination regarding the extent of his prior arrests, convictions, charges, or other Atrouble@ with the police, the opposing party is entitled to elicit testimony from the witness that will correct the false impression. *Theus v. State*, 845 S.W.2d 874, 878 (Tex. Crim. App. 1992); *Ochoa v. State*, 481 S.W.2d 847, 850 (Tex. Crim. App. 1972); *Turner v. State*, 4 S.W.3d 74, 79 (Tex. App.CWaco 1999, no pet.). Cross-examination is not limited to the witness=s own assertions on direct examination. *Turner*, 4 S.W.2d at 79. As the *Turner* court explained:

> To so limit cross-examination when a false impression has been made would allow the defendant the chance to offer self-flattering remarks without fear of the prosecutors= being able to show extraneous conduct contrary to the particular self flattering remarks. *Baxter v. State*, 645 S.W.2d 812, 816 (Tex. Crim. App. 1983). As with any other witness, when an accused testifies gratuitously as to some matter that is irrelevant or collateral to the proceeding, he may be impeached by showing that he

**11**

has lied or is in error as to that matter. *Hammett v. State*, 713 S.W.2d 102 (Tex. Crim. App. 1986); *R.X.F. v. State*, 921 S.W.2d 888, 902 (Tex. App.CWaco 1996, no pet.).

*Id.* In the present case, the trial court permitted the prosecutor to question appellant on cross-examination regarding the details of the prior conviction. In essence, appellant had testified on direct examination that he, in fact, did not assault Ms. Anderson, although he pleaded guilty to that offense. He testified that she was injured in a scuffle in which he was involved, but testified that he was not sure how she was injured. We conclude that the trial court did not err in concluding that the appellant left a false impression on direct examination by minimizing or otherwise mischaracterizing the nature and extent of his involvement in the incident that gave rise to his prior conviction. Accordingly, the trial court did not abuse its discretion by permitting the prosecutor to cross-examine the appellant regarding the details of that incident for the purpose of dispelling that false impression.[4]

---

[4] Although we conclude that the trial court did not abuse its discretion in permitting the prosecutor to cross-examine appellant about the details of the extraneous offense for the purpose of dispelling the false impression, our ultimate conclusion on his second issue on appeal would be the same if we determined the trial court erred in permitting this cross-examination because any error was cured by the introduction of proof of those same facts without objection at other times during the trial. In *Hitt v. State*, 53 S.W.3d 697 (Tex. App.CAustin 2001, no pet.) this Court explained:

> The improper admission of evidence is not reversible error when substantially the same facts are proven by unobjected-to testimony. *Anderson v. State*, 717 S.W.2d 622, 626-27 (Tex. Crim. App.1986); *Miranda v. State*, 813 S.W.2d 724, 739 (Tex. App.CSan Antonio 1991, pet. ref'd). Overruling an objection to evidence will not generally result in reversal where other evidence of that same fact was received without objection, either before or after the complained-of ruling, regardless of whether the other evidence was introduced by the defendant or the State. *See Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App.1998) (citing *Rogers v. State*, 853 S.W.2d 29, 35 (Tex. Crim. App.1993)); *Stoker v. State*, 788 S.W.2d 1, 12 (Tex. Crim. App.1989).

*Id.* at 708. Ms. Anderson testified that when she confronted appellant for pushing her friend, he hit her in the eye, knocking her unconscious. No objection was raised to this testimony. In addition, appellant did

not object to the admission of a photograph depicting the injury to her eye.  Accordingly, even assuming the trial court erred in permitting the prosecutor to elicit testimony on cross-examination, the error would not be reversible.

Furthermore, appellant contends that the trial court erred by permitting the State to introduce Athe fact of uncharged assaultive behavior@during the same incident because the trial court permitted the prosecutor to question him on cross-examination regarding a woman who was allegedly pushed during the same incident.  We do not find this argument persuasive.  A review of the record indicates that although the prosecutor may have questioned him, appellant never admitted to the Aassaultive behavior.@  To the extent appellant seems to question whether it was proper for the prosecutor to question him regarding details of the incident, we rely on our previous analysis and overrule his second issue.

## 2.  Rebuttal Testimony

In his third issue, appellant contends that the trial court erred by admitting the rebuttal testimony of Ashley Romaneck, a witness to the prior extraneous assault offense, to impeach appellant=s testimony regarding this prior conviction.  Specifically, appellant argues that Aa witness may not be impeached regarding a collateral matter.@  At trial, however, appellant failed to preserve that error for review.  In order to preserve the error for appeal, appellant must make a timely objection that specifically states the legal basis for the objection.  *Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990).  An objection stating one legal basis at trial may not be used to support another legal basis on appeal.  *Id.*  At trial, appellant objected to the testimony of Ms. Romaneck on the ground that it constituted Abolstering@; appellant did not object on the ground that her testimony constituted impeachment on a collateral matter.  As a result, appellant has failed to preserve this issue for review.[5]  Accordingly, we overrule appellant=s third issue.

---

[5]  Furthermore, even if we were to consider this issue, any error in the admission of the testimony was

cured by the introduction of proof of those same facts without objection at other times during the trial. *See Hitt v. State*, 53 S.W.3d 697, 708 (Tex. App.CAustin 2001, no pet.). As indicated previously, Ms. Anderson testified to the same incident without objection, and her testimony was unchallenged.

## CONCLUSION

Having overruled appellant=s issues, we affirm the judgment of the trial court.


David Puryear, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed:   April 25, 2002

Do Not Publish