TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00344-CR






Frederico Daniel Garcia, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 0994572, HONORABLE BOB PERKINS, JUDGE PRESIDING






 Appellant Frederico Daniel Garcia was convicted of aggravated assault, Tex. Pen.
Code Ann.§ 22.02 (West 1994), for which punishment was assessed at ten years' confinement in the
Institutional Division of the Texas Department of Criminal Justice, plus a $10,000 fine. Appellant
presents three issues complaining that the trial court erred by: (1) denying appellant a hearing on his
motion for new trial; (2) permitting the State to elicit details of a prior conviction of assault; and (3)
admitting rebuttal testimony to impeach appellant's testimony regarding his prior conviction of
assault. We will affirm the judgment of the trial court.


FACTUAL AND PROCEDURAL BACKGROUND


 At trial, the State presented evidence that appellant, without provocation, repeatedly
struck the victim in the face with his fists, rendering the victim unconscious and breaking his jaw. 
Appellant also testified at the trial, giving his version of the events. At the conclusion of appellant's
testimony, his trial counsel, in anticipation of impeachment, elicited testimony from appellant
regarding his prior conviction for assault of a young woman. Appellant admitted he pleaded guilty
to the assault, but he explained that he had gotten into a fight with the young woman's boyfriend in
a club and that she had been injured during the fight.

 On cross-examination, the prosecutor questioned appellant regarding the specific
details of his previous assault conviction. The prosecutor also questioned appellant regarding an
allegation that he pushed another young woman during the same incident. The State called two
witnesses during rebuttal to impeach appellant's testimony. Kelly Anderson, the victim in the
previous assault conviction, testified that she was not dancing with her boyfriend or any male; rather,
she was dancing with her girlfriends when she saw appellant push one of them. She testified she
then confronted him, and he hit her in the eye. Ashley Romaneck, a witness to the assault, also
testified. She explained that several girls were dancing together; appellant began dancing with one
of the girls, Allison Shell, which made Shell uncomfortable. When Shell asked appellant to leave
them alone, he pushed her. Romaneck testified she then saw Anderson speaking to appellant and
then saw him hit her in the eye.

 The jury found appellant guilty of aggravated assault. Appellant filed a motion for
new trial and then filed an amended motion, which was overruled by operation of law. He now
appeals to this Court.


MOTION TO STRIKE

 Before reaching the merits of appellant's issues, we first address his motion filed in
this Court asking us to strike the State's brief or, alternatively, asking us to require the State to re-brief its arguments due to what appellant characterizes as the State's "serious violations" of rule
47.7. See Tex. R. App. P. 47.7. Rule 47.7 provides that"[o]pinions not designated for publication
by the court of appeals have no precedential value and must not be cited as authority by counsel or
by a court." Id. It is undisputed that the State cited two unpublished opinions in its brief to this
Court. The State, however, has provided a reasonable explanation for this oversight. (1) Rather than
imposing either of the remedies suggested by appellant, we will strike and disregard only those
unpublished opinions and confine our review to those matters properly before this Court. See
Carlton v. Trinity Universal Ins. Co., 32 S.W.3d 454, 458 (Tex. App.--Houston [14th Dist.] 2000,
pet. denied).


MOTION FOR NEW TRIAL


 In his first issue, appellant contends that the trial court erred by denying him a hearing
on his motion for new trial. Our review of the record, however, does not indicate that appellant
requested a hearing on his original motion for new trial or on his amended motion for new trial. As
a result, appellant cannot complain on appeal that the trial court failed to hold a hearing when he
failed to request a hearing. See Edwards v. State, 37 S.W.3d 511, 514 (Tex. App.--Texarkana 2001,
no pet.); Tidmore v. State, 976 S.W.2d 724, 732 (Tex. App.--Tyler 1998, pet. ref'd) ("a trial court
does not err by failing to hold a hearing where none is requested"); Brooks v. State, 894 S.W.2d 843,
847 (Tex. App.--Tyler 1995, no pet.) ("the trial court is not required to convene a hearing on a
motion for new trial absent a request by the movant for such hearing"); Martin v. State, 823 S.W.2d
395, 397 (Tex. App.--Texarkana 1992), pet. ref'd, 830 S.W.2d 137 (Tex. Crim. App. 1992); Smith
v. State, 797 S.W.2d 243, 250 (Tex. App.--Corpus Christi 1990, pet. ref'd), cert. denied, 502 U.S.
975 (1991).

 Furthermore, the record does not indicate that appellant presented his amended
motion for new trial to the trial court in a timely manner. Rule 21.6 of the Texas Rules of Appellate
Procedure provides in pertinent part "[t]he defendant must present the motion for new trial to the
trial court within 10 days of filing it, . . . ." Tex. R. App. P. 21.6. The verb "present" as used in rule
21.6 "means the record must show that the movant for a new trial sustained the burden of actually
delivering the motion for new trial to the trial court or otherwise bringing the motion to the attention
or actual notice of the trial court." Carranza v. State, 960 S.W.2d 76, 79 (Tex. Crim. App. 1998). 
Simply filing the motion is not sufficient to demonstrate that the motion has been "presented" within
the meaning of rule 21.6. Id. at 78.

 Appellant contends that he presented his motion for new trial to the court coordinator
and directs our attention to Butler v. State, 6 S.W.3d 636 (Tex. App.--Houston [1st Dist.] 1999, no
pet.). The Butler court held that "presentation to the court coordinator satisfies the presentment
requirement of giving actual notice to the trial court." Id. at 641. Our review of the record, however,
does not indicate that the motion for new trial was ever "presented" to the court coordinator within
the meaning of rule 21.6. Appellant directs our attention to an unsigned, undated "certificate of
presentation" that appears on the last page of his amended motion for new trial as evidence of
presentment. We do not find this sufficient evidence of presentment. See Oestrick v. State, 939
S.W.2d 232, 235 (Tex. App.--Austin 1997, pet. ref'd) (citing Owens v. State, 832 S.W.2d 109, 111
(Tex. App.--Dallas 1992, no pet.), holding that a document entitled "certificate of presentment" and
signed by defense counsel was insufficient evidence of presentment). (2) Appellant also directs our
attention to a notation on the court's docket sheet of the existence of an amended motion for new
trial. The docket entry is one line that reads "4-2-01 Amended Motion for New Trial." However,
we find no evidence in the record that this notation was made by the court coordinator or what event
the notation represents. (3) Accordingly, we find there is insufficient evidence in the record to
demonstrate proper presentment.

 Even assuming appellant had preserved his first issue for our review, however, his
motion does not present reasonable grounds for granting a new trial. Appellant contends he is
entitled to a new trial because he was denied the right to the presumption of innocence; he complains
that he was forced to wear a leg restraining device during his trial without a prior determination of
necessity and he was accompanied to and from the witness stand by a uniformed and armed Sheriff's
deputy.

 In reviewing a trial court's decision to deny a hearing on a motion for new trial, we
use an abuse-of-discretion standard. State v. Gonzalez, 885 S.W.2d 692, 696 (Tex. Crim. App.
1993); Oestrick, 939 S.W.2d at 236. We may reverse only if the trial court's decision was so clearly
wrong that it lies outside that zone within which reasonable persons might disagree. Gonzalez, 885
S.W.2d at 695; Daniels v. State, 63 S.W.3d 67, 69 (Tex. App.--Houston [14th Dist.] 2001, no pet.). 
To be entitled to a hearing on a motion for new trial, the motion must be accompanied by one or
more affidavits that: (1) raise matters that cannot be established from the record; and (2) show that
reasonable grounds exist for granting a new trial. See Jordan v. State, 883 S.W.2d 664, 665 (Tex.
Crim. App. 1994); Reyes v. State, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993); Oestrick, 939
S.W.2d at 236. Although an affidavit need not contain every component legally required to establish
relief, the motion or affidavit must establish that reasonable grounds exist for holding that relief
could be granted. Jordan, 883 S.W.2d at 665; Reyes, 849 S.W.2d at 816. An affidavit that is
conclusory and unsupported by facts is insufficient. Jordan, 883 S.W.2d at 665; Daniels, 63 S.W.3d
at 69.

 In the present case, the only affidavit provided was appellant's affidavit, and it was
conclusory in nature. For example, appellant stated that "the bottom of the brace would be
noticeable below my pants" and "the brace made a loud click when it locked. I think the jury
would've heard this. They also would have seen me bend down to unlock it at the knee." After
stating that he was also escorted by the Sheriff's deputy, appellant concludes that "based on these
facts it was reasonably clear that I was in custody at the time of my trial." Appellant asserts that
these facts undermined his presumption of innocence.

 In order for us to conclude that the trial court abused its discretion, appellant must
affirmatively demonstrate that he was prejudiced by the circumstances he described in his motion. 
Swanson v. State, 722 S.W.2d 158, 163 (Tex. App.--Houston [14th Dist.] 1986, pet. ref'd). 
Appellant has failed to demonstrate and our review of the record fails to indicate that appellant was
prejudiced in this case. He raised no objection or complaint at trial. He did not request the judge
to instruct the jury that no inferences could be drawn against him based on his leg restraint. He has
provided no evidence indicating that the jury realized that the leg restraining device indicated that
he was in custody. He did not present any statement or argument to the trial court indicating how
he was harmed by the circumstances described. What we are able to discern from the record,
however, is that the trial judge was present in the courtroom at all times the jury was present in the
courtroom. Accordingly, the judge was present when the events occurred and was in a position to
evaluate those events. Because appellant's affidavit complains solely of events that occurred inside
the courtroom and in the judge's presence, the trial court did not abuse its discretion in denying
appellant a hearing on his motion for new trial. We conclude that appellant's affidavit was
insufficient to put the trial court on notice that reasonable grounds existed for granting him a new
trial.

 Having concluded that appellant failed to preserve his first issue for review and,
further, even assuming this issue was properly preserved, that the trial court did not abuse its
discretion in denying appellant a hearing on his motion for new trial, we overrule his first issue.


TESTIMONY REGARDING EXTRANEOUS ASSAULT CONVICTION


1. Cross-Examination Testimony

 In his second issue, appellant contends that the trial court erred by permitting the State
to elicit details of his prior conviction for assault. We review the admission of extraneous-offense
evidence under an abuse-of-discretion standard. Montgomery v. State, 810 S.W.2d 372, 391 (Tex.
Crim. App. 1990). If the trial court's decision to admit the testimony lies "within the zone of
reasonable disagreement," we will uphold the decision. Montgomery, 810 S.W.2d at 391.

 "[A]n accused puts his character for veracity (as opposed to his moral character) in
issue by merely taking the stand, and thus he may be impeached in the same manner as any other
witness." Hammett v. State, 713 S.W.2d 102, 105 (Tex. Crim. App. 1986). As a result, once a
defendant voluntarily takes the witness stand, he may be cross-examined, impeached, contradicted,
made to give evidence against himself, and treated in every respect as any other witness except where
there are overruling constitutional or statutory provisions. Sanchez v. State, 707 S.W.2d 575, 577
(Tex. Crim. App. 1986); Lopez v. State, 990 S.W.2d 770, 777 (Tex. App.--Austin 1999, no pet.). 
A witness may be impeached regarding his criminal history if the conviction is for a felony or a
crime of moral turpitude. Lopez, 990 S.W.2d at 777. Appellant's prior conviction was for the
assault of a young woman, Kelly Anderson, which is a crime of moral turpitude. See id. at 778-779.

 On direct examination, appellant's counsel elicited the following testimony from him
regarding his prior conviction:


Q. Okay. And will you tell the jury the circumstances around that? Do you
remember about when that happened?


A. I think it was probably a year before August 13th--I don't remember the exact
time. It's been a while ago. But it was not an assault on her.


Q. Well, okay. Where did this happen?


A. This happened in the Buffalo Club, which I believe is on 7th Street, I think. It's
still in the entertainment district.


Q. Okay. What was [sic] the circumstances behind the assault?


A. The circumstances was [sic] that I was getting into a fight with--I believe it was
her boyfriend or was her boyfriend.


Q. What precipitated the fight between you and her boyfriend?


A. What happened was that--the Buffalo Club is a big dance floor. There's no
tables; there's no nothing. So everybody is dancing in the middle. If you want
to get to the bathrooms, you have to walk through the dance floor to get to the
bathrooms. When I was walking towards the bathroom with my friends, me and
him hit each other--


Q. You and him who?


A. Me and the boyfriend of the girl.


Q. All right.


A. We hit each other or rubbed each other or something that we both didn't agree
on. And me and him, in mutual combat, got into a fight.


Q. Okay. So you guys start duking it out on the dance floor?


A. Me and him started getting in a fight on the dance floor.


Q. How did she get involved?


A. She was not involved. What she was is either around us, or because they were
dancing together, either she got in the middle or either--I don't know exactly
what happened with her, but she had--it was absolutely nothing to do with her. 
This argument or fight had nothing to do with her.


Q. But she eventually got hit, correct?


A. I believe that she got hit or fell down, or something happened when me and this
other person were getting into a fight.


Q. Okay. But she's the one who filed?


A. And she was the one that filed the assault charge.


Q. Of which you pled guilty or--


A. Which I pled guilty to it.



 When a defendant leaves a false impression during direct examination regarding the
extent of his prior arrests, convictions, charges, or other "trouble" with the police, the opposing party
is entitled to elicit testimony from the witness that will correct the false impression. Theus v. State,
845 S.W.2d 874, 878 (Tex. Crim. App. 1992); Ochoa v. State, 481 S.W.2d 847, 850 (Tex. Crim.
App. 1972); Turner v. State, 4 S.W.3d 74, 79 (Tex. App.--Waco 1999, no pet.). Cross-examination
is not limited to the witness's own assertions on direct examination. Turner, 4 S.W.2d at 79. As
the Turner court explained:


To so limit cross-examination when a false impression has been made would allow
the defendant the chance to offer self-flattering remarks without fear of the
prosecutors' being able to show extraneous conduct contrary to the particular self
flattering remarks. Baxter v. State, 645 S.W.2d 812, 816 (Tex. Crim. App. 1983). 
As with any other witness, when an accused testifies gratuitously as to some matter
that is irrelevant or collateral to the proceeding, he may be impeached by showing
that he has lied or is in error as to that matter. Hammett v. State, 713 S.W.2d 102
(Tex. Crim. App. 1986); R.X.F. v. State, 921 S.W.2d 888, 902 (Tex. App.--Waco
1996, no pet.).


Id. In the present case, the trial court permitted the prosecutor to question appellant on cross-examination regarding the details of the prior conviction. In essence, appellant had testified on direct
examination that he, in fact, did not assault Ms. Anderson, although he pleaded guilty to that offense. 
He testified that she was injured in a scuffle in which he was involved, but testified that he was not
sure how she was injured. We conclude that the trial court did not err in concluding that the
appellant left a false impression on direct examination by minimizing or otherwise mischaracterizing
the nature and extent of his involvement in the incident that gave rise to his prior conviction. 
Accordingly, the trial court did not abuse its discretion by permitting the prosecutor to cross-examine
the appellant regarding the details of that incident for the purpose of dispelling that false impression. (4)

 Furthermore, appellant contends that the trial court erred by permitting the State to
introduce "the fact of uncharged assaultive behavior" during the same incident because the trial court
permitted the prosecutor to question him on cross-examination regarding a woman who was
allegedly pushed during the same incident. We do not find this argument persuasive. A review of
the record indicates that although the prosecutor may have questioned him, appellant never admitted
to the "assaultive behavior." To the extent appellant seems to question whether it was proper for the
prosecutor to question him regarding details of the incident, we rely on our previous analysis and
overrule his second issue.


2. Rebuttal Testimony

 In his third issue, appellant contends that the trial court erred by admitting the rebuttal
testimony of Ashley Romaneck, a witness to the prior extraneous assault offense, to impeach
appellant's testimony regarding this prior conviction. Specifically, appellant argues that "a witness
may not be impeached regarding a collateral matter." At trial, however, appellant failed to preserve
that error for review. In order to preserve the error for appeal, appellant must make a timely
objection that specifically states the legal basis for the objection. Rezac v. State, 782 S.W.2d 869,
870 (Tex. Crim. App. 1990). An objection stating one legal basis at trial may not be used to support
another legal basis on appeal. Id. At trial, appellant objected to the testimony of Ms. Romaneck on
the ground that it constituted "bolstering"; appellant did not object on the ground that her testimony
constituted impeachment on a collateral matter. As a result, appellant has failed to preserve this
issue for review. (5) Accordingly, we overrule appellant's third issue.

CONCLUSION


 Having overruled appellant's issues, we affirm the judgment of the trial court.



 

 David Puryear, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: April 25, 2002

Do Not Publish

1. The State provided an affidavit to this Court indicating that the electronic research tool it used
failed to indicate, as is the normal practice, that the opinions were unpublished opinions.
2. We also note that the Butler court, recognizing the importance of establishing that a motion
has been presented, stated:


We have held previously that "[i]t behooves a defendant to memorialize presentment
within 10 days by obtaining a written notation on a proposed order setting the motion for
new trial on a specific date." Simpson v. State, 962 S.W.2d 57, 58 (Tex. App.--Houston
[1st Dist.] 1997, no pet.). In light of this opinion, we suggest that criminal defense
attorneys obtain a written, dated notation from the court coordinator memorializing the
timely presentment.


Butler v. State, 6 S.W.3d 636, 643, n.7 (Tex. App.--Houston [1st Dist.] 1999, no pet.).
3. This notation may have been placed on the docket sheet by the court clerk and may simply
reflect the date the document was filed. Contrast the notation at issue in the present case with the
notation provided on the docket sheet in Daniels v. State, 63 S.W.3d 67 (Tex. App.--Houston [14th
Dist.] 2001, no pet.). In that case, the court held that the docket entry was sufficient to establish
presentment where the docket entry specifically indicated "Motion For New Trial was presented to
the Court." Id. at 69.
4. Although we conclude that the trial court did not abuse its discretion in permitting the
prosecutor to cross-examine appellant about the details of the extraneous offense for the purpose of
dispelling the false impression, our ultimate conclusion on his second issue on appeal would be the
same if we determined the trial court erred in permitting this cross-examination because any error
was cured by the introduction of proof of those same facts without objection at other times during
the trial. In Hitt v. State, 53 S.W.3d 697 (Tex. App.--Austin 2001, no pet.) this Court explained:


The improper admission of evidence is not reversible error when substantially the same
facts are proven by unobjected-to testimony. Anderson v. State, 717 S.W.2d 622, 626-27
(Tex. Crim. App.1986); Miranda v. State, 813 S.W.2d 724, 739 (Tex. App.--San
Antonio 1991, pet. ref'd). Overruling an objection to evidence will not generally result
in reversal where other evidence of that same fact was received without objection, either
before or after the complained-of ruling, regardless of whether the other evidence was
introduced by the defendant or the State. See Leday v. State, 983 S.W.2d 713, 718 (Tex.
Crim. App.1998) (citing Rogers v. State, 853 S.W.2d 29, 35 (Tex. Crim. App.1993));
Stoker v. State, 788 S.W.2d 1, 12 (Tex. Crim. App.1989).


Id. at 708. Ms. Anderson testified that when she confronted appellant for pushing her friend, he hit
her in the eye, knocking her unconscious. No objection was raised to this testimony. In addition,
appellant did not object to the admission of a photograph depicting the injury to her eye. 
Accordingly, even assuming the trial court erred in permitting the prosecutor to elicit testimony on
cross-examination, the error would not be reversible.
5. Furthermore, even if we were to consider this issue, any error in the admission of the testimony
was cured by the introduction of proof of those same facts without objection at other times during
the trial. See Hitt v. State, 53 S.W.3d 697, 708 (Tex. App.--Austin 2001, no pet.). As indicated
previously, Ms. Anderson testified to the same incident without objection, and her testimony was
unchallenged.