In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00011-CR
______________________________


KIHEEM GRANT, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 252nd Judicial District Court
Jefferson County, Texas
Trial Court No. 91790


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Carter


O P I N I O N

            After being properly admonished in writing, Kiheem Grant entered a plea of guilty to the
offense of retaliation. He also entered a plea of true to the allegation that he had previously been
convicted of attempted robbery in the State of New York. The plea of guilty was entered before the
trial court October 18, 2004, and the trial court ordered a presentence investigation (PSI) report. The
case was set for sentencing after the PSI report was completed.
            On October 29, Grant reappeared for sentencing and requested that his plea of guilty be
withdrawn. Further, counsel requested a factual hearing to determine Grant's allegations that his plea
was not voluntary and that threats were made to him inducing him to make his plea. The trial court
denied the request to withdraw and the request for a factual hearing. After hearing arguments, the
trial court found Grant guilty of retaliation and assessed punishment at twenty years' confinement. 
Grant filed a motion for new trial alleging, among other things, that his life was threatened by law
enforcement officers if he did not enter a plea of guilty and, therefore, it was not entered voluntarily. 
Grant's unsworn statement concerning the allegations of coercion was attached to the motion. 
However, the affidavit attached to the motion for new trial was signed by Grant's attorney on behalf
of Grant, representing that such statements "made in the foregoing Motion for New Trial are true and
correct, to the best of his knowledge."
Issues
            Grant raises two issues on appeal: 1) that the trial court abused its discretion in refusing to
allow Grant to withdraw his plea of guilty and 2) that the trial court abused its discretion in denying
Grant's motion for new trial based on an involuntary plea.
            1.         Did the trial court abuse its discretion in refusing to allow Grant to withdraw
his plea of guilty?
            A defendant may withdraw his or her guilty plea as a matter of right without assigning reason
until such judgment has been pronounced or the case has been taken under advisement.  See Stanton
v. State, 159 Tex. Crim. 275, 262 S.W.2d 497, 498 (1953). However, when the defendant decides
to withdraw his or her guilty plea after the trial court takes the case under advisement or pronounces
judgment, the withdrawal of such plea is within the sound discretion of the trial court. Jackson v.
State, 590 S.W.2d 514, 515 (Tex. Crim. App. [Panel Op.] 1979) (citing McWherter v. State, 571
S.W.2d 312 (Tex. Crim. App. 1978)). The passing of a case for a PSI report is considered "[taking]
the case under advisement." Jackson, 590 S.W.2d at 515; see Thompson v. State, 852 S.W.2d 268,
270 (Tex. App.—Dallas 1993, no pet.). An abuse of discretion is shown only when the trial court's
ruling lies outside the "zone of reasonable disagreement." Montgomery v. State, 810 S.W.2d 372,
391 (Tex. Crim. App. 1990) (op. on reh'g).
            We find that the trial court did not abuse its discretion in failing to allow Grant to withdraw
his plea of guilty. Grant had previously been admonished in writing and had stated that his plea was
freely and voluntarily made and that he was "guilty of the offense." The only evidence to support
Grant's allegation that his plea was entered involuntarily was Grant's unsworn statements. The trial
court personally witnessed Grant entering the guilty plea and observed Grant's demeanor and had
the opportunity to consider whether it appeared that Grant was in any way threatened at the time of
the entry of his guilty plea. We cannot find the trial court's ruling denying the withdrawal of the
guilty plea to be outside the zone of reasonable disagreement.
            2.         Did the trial court abuse its discretion in denying Grant's motion for new trial
based on an involuntary plea?
            After the entry of judgment, Grant filed a formal motion for new trial. In the motion, Grant
alleged that his plea of guilty was entered involuntarily and that his life was threatened by law
enforcement officers if he did not enter a guilty plea. Attached to the motion for new trial was an
unsworn statement from Grant detailing how he had been told by a law enforcement officer that, if
he did not plead guilty, he would be killed in his cell. To his motion for new trial, an affidavit was
attached as follows: "BEFORE ME, the undersigned authority, personally appeared KIHEEM
GRANT by and through his attorney of record, who, on oath, stated that the statements made in the
foregoing Motion for New Trial are true and correct, to the best of his knowledge." (Emphasis
added.) The affidavit was signed as "Kiheem Grant by & through his atty. Brock Jones, Jr."
            When an accused presents a motion for new trial raising matters not determinable from the
record, which could entitle him or her to relief, the trial court abuses its discretion in failing to hold
a hearing. King v. State, 29 S.W.3d 556, 569 (Tex. Crim. App. 2000) (citing Reyes v. State, 849
S.W.2d 812, 816 (Tex. Crim. App. 1993)). The motion must, however, be supported by affidavits
specifically showing the truth of the grounds of attack. Id. Otherwise, general entitlement to a
hearing could lead to "fishing expeditions." Id. Even though the State did not brief the sufficiency
of the affidavit filed by Grant, we believe that it is proper for this Court to review it. If the trial
court's decision is correct based on any applicable theory of law, then it will be sustained on appeal. 
Judgments will be upheld on appeal if they are correct under any theory of law, even when the
provision has not been cited by appellee. Martinez v. State, 74 S.W.3d 19, 21 (Tex. Crim. App.
2002) (citing Ex parte Taylor, 36 S.W.3d 883, 886 (Tex. Crim. App. 2001)). In Martinez, the Texas
Court of Criminal Appeals held that an intermediate court of appeals may properly affirm the denial
of a hearing on a motion for new trial based on a holding that the affidavit supporting the motion was
insufficient even though that specific claim was not made by the State. Martinez, 74 S.W.3d at 21.
            When the grounds for a new trial are outside the record, the movant must support the motion
by his or her own affidavit or by the affidavit of someone else specifically showing the truth of the
grounds of attack. Bearden v. State, 648 S.W.2d 688, 690 (Tex. Crim. App. 1983); Hicks v. State,
74 Tex. Crim. 461, 171 S.W. 755, 763 (1913) (op. on reh'g). In Vyvial v. State, 111 Tex. Crim. 111,
10 S.W.2d 83, 84 (1929) (op. on reh'g), it was held that a motion for new trial that points out
extraneous matters which are necessarily hearsay as to the accused must have attached the affidavit
of some person who has knowledge of the facts.
            There are several deficiencies in the affidavit. The affidavit itself is not signed by Grant, but
is signed by his attorney on his behalf. In analogous situations involving allegations of jury
misconduct in a motion for new trial, it has been held as insufficient for an attorney to simply state
in an affidavit that some juror told him or her of some misconduct. See Martin v. State, 823 S.W.2d
391, 393 (Tex. App.—Texarkana), pet. ref'd, 830 S.W.2d 137 (Tex. Crim. App. 1992). Such
statements of counsel are hearsay and do not constitute admissible evidence. If the affidavit in this
case is from counsel, it is inadmissible hearsay. Consequently, no error is shown in failing to hold
a hearing based on the allegations from the attorney. McIntire v. State, 698 S.W.2d 652, 660 (Tex.
Crim. App. 1985).
            Grant's attached statement is not sworn. It appears the affidavit attached to the motion was
prepared in such a manner as to allow counsel to attempt to testify on behalf of Grant. It is
impossible for Grant's attorney to state under oath on behalf of Grant that Grant knows certain facts
are true. Such an attempt does not constitute sworn testimony from Grant. Here, we have no sworn
evidence from Grant raising the issue of an involuntary plea. Further, no reason or excuse was
presented for the failure of Grant to provide a supporting affidavit. Even if it is difficult to obtain
a verification of a statement for one confined, other provisions of law could be utilized. Grant could
have filed an unsworn declaration in lieu of verification or an affidavit in writing and subscribed to
its truth under the penalty of perjury. See Tex. Civ. Prac. & Rem. Code Ann. § 132.001 (Vernon
2005). When no sworn affidavit is presented, the trial court does not err in failing to conduct a
hearing on the motion for new trial and in overruling the motion. See Guidry v. State, 896 S.W.2d
381, 387 (Tex. App.—Texarkana 1995, pet. ref'd).
            Further, years of authority make it clear that motions for new trial on information and belief
without specific averment of facts or supporting affidavit, and in such forms as would not support
prosecutions for perjury, are not sufficient and would force courts to go on limitless "fishing
expeditions." Vyvial, 10 S.W.2d at 84–85. An affidavit is considered insufficient unless the
allegations contained therein are direct and unequivocal and perjury can be assigned. Teixeira v.
Hall, 107 S.W.3d 805, 809 (Tex. App.—Texarkana 2003, no pet.) (citing Brownlee v. Brownlee, 665
S.W.2d 111, 112 (Tex. 1984); Burke v. Satterfield, 525 S.W.2d 950, 955 (Tex. 1975)).
            Here, the truth of the statements was sworn only to the "best of his knowledge." Even if
Grant had sworn to the affidavit, it is not stated in such a direct and unequivocal manner that perjury
could be assigned to it if the statement was found to be false.
            For the reasons stated, we find the trial court did not abuse its discretion in denying the
motion to withdraw the plea of guilty or in denying a hearing on the motion for new trial and
overruling the motion. 
            We affirm the judgment of the trial court.
 

                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          July 28, 2005
Date Decided:             August 5, 2005

Publish