

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00013-CR

ASA ASUNCION, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 167th District Court
Travis County, Texas
Trial Court No. D-1-DC-18-904066

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Following his conviction for attempted sexual assault, Asa Asuncion[1] filed a motion for new trial alleging juror misconduct which was denied by the trial court. In a single appellate issue, Asuncion complains that the trial court erred in failing to grant his motion for new trial. Because we find that Asuncion did not present any admissible evidence in support of his lone claim, juror misconduct, the trial court did not err in denying his motion for new trial.

Asuncion is a rap, hip-hop, and rhythm and blues musician who, in 2015, performed at Austin's South by Southwest Festival. While in Austin,[2] Asuncion stayed with a friend of his manager. Asuncion performed at several venues on the night of March 19, returned to his temporary abode following his performances, and went to sleep on the couch while watching television. He awakened during the night to search for a blanket on the futon next to the couch. At that point, according to Asuncion, the alleged victim—who was sleeping on the futon—grabbed his arm and pulled him onto the futon with her, where the two began kissing. Asuncion testified that there was no sexual contact, that no clothes were removed, and that he never touched her genital area. The kissing ended when a second young woman on the futon woke up.

This version of events differs drastically from that of the alleged victim, who testified that she went to a bar with friends on the evening of March 19. She became intoxicated and went to

---

[1]Asuncion is otherwise known as Yung Gleesh.

[2]Originally appealed to the Third Court of Appeals in Austin, this case was transferred to this Court by the Texas Supreme Court pursuant to Section 73.001 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 73.001. We are unaware of any conflict between precedent of the Third Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

the house of one of her friends—where Asuncion was also lodging—and became sick. She went to sleep on a futon next to the couch while others in the house were still partying. She testified that she was awakened when she felt the pressure of someone's body on top of hers and realized that person was inserting his penis into her vagina. At that point, her bunkmate rolled over and stopped the activity. She recognized the person on top of her as Asuncion. According to the victim, Asuncion sat up, told her that he had been having oral sex with her for twenty minutes, and went upstairs.

Within ten minutes, the victim's friend took her to the hospital where she spoke with a police officer and then was examined by a nurse. DNA testing did not discover any of Asuncion's DNA on the victim's panties or in her genital area.

Asuncion was indicted on three counts of sexual assault. Following a jury trial, Asuncion was convicted only of attempted sexual assault and was sentenced to five years' incarceration suspended in favor of eight years' community supervision. Asuncion filed a motion for new trial alleging juror misconduct. The motion was supported by the affidavit of investigator Ricardo J.W. Ojeda. Ojeda testified that he interviewed a juror in Asuncion's trial, who "[a]dvised that almost all the jurors in the deliberation process felt that the State had not proven their case against Asuncion and they were bothered with the lack of DNA connecting Asuncion to the alleged sexual assault. Therefore, they were reluctant to send Asuncion to prison." Ojeda further testified, "All the jurors did feel that Asuncion had made some bad decisions by being at thee [sic] residence and that he 'probably' had done something although the jurors could not decide what he had done."

Further, "[a]ll the jurors felt they did not want to send Asuncion to jail so they opted for probation because one of the charges that they were allowed to choose from was Attempted Assault so they decided to convict him on that charge."

At the hearing on the motion for new trial, Asuncion complained that at least one of the jurors considered community supervision at the guilt stage, which he claimed was improper. The State objected to the introduction of Ojeda's affidavit based on hearsay and Rule 606 of the Texas Rules of Evidence.[3] Asuncion argued that Rule 606 did not bar the affidavit testimony. The trial court sustained the State's hearsay objection and also ruled that—regardless of hearsay—Rule 606 barred admission of the affidavit, but admitted the affidavit as a bill of exception to be included in the appellate record. On appeal, Asuncion contends that the trial court erred in denying his motion for new trial.

---

[3]Rule 606 provides, in pertinent part,

**(b)** **During an Inquiry into the Validity of a Verdict or Indictment.**

**(1)** *Prohibited Testimony or Other Evidence.* During an inquiry into the validity of a verdict or indictment, a juror may not testify about any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment. The court may not receive a juror's affidavit or evidence of a juror's statement on these matters.

**(2)** *Exceptions.* A juror may testify:

**(A)** about whether an outside influence was improperly brought to bear on any juror; or

**(B)** to rebut a claim that the juror was not qualified to serve.

TEX. R. EVID. 606(b).

4

We review the denial of a motion for new trial for an abuse of discretion. *See Wallace v. State*, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003). Under an abuse-of-discretion standard, we "do not substitute our judgment for that of the trial court, but rather decide whether the trial court's decision was arbitrary or unreasonable." *Lewis v. State*, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995). "We will affirm the trial court's action if it is correct on any theory of law applicable to the case and supported by the record." *State v. Moore*, 240 S.W.3d 324, 327 (Tex. App.—Austin 2007, pet. ref'd) (citing *State v. Read*, 965 S.W.2d 74, 77 (Tex. App.—Austin 1998, no pet.)); *Grant v. State*, 172 S.W.3d 98, 100–01 (Tex. App.—Texarkana 2005, no pet.).

Where, as here, the grounds for a new trial are outside the record, "the movant must support the motion by his or her own affidavit or by the affidavit of someone else specifically showing the truth of the grounds of attack." *Grant*, 172 S.W.3d at 101. And, when a motion for new trial "points out extraneous matters which are necessarily hearsay," the motion must be supported by a person with knowledge of the facts. *Id.* (citing *Vyvial v. State*, 10 S.W.2d 83, 84 (Tex. 1928) (op. on reh'g)); *State v. Daniels*, 761 S.W.2d 42, 44 (Tex. App.—Austin 1988, pet. ref'd) (where matters relied on to support motion for new trial were reflected by the trial record, motion need not be supported by affidavits).

Here, the affidavit supporting Asuncion's motion for new trial was from a private investigator recounting an interview he had with one of the jurors in Asuncion's case. Because these statements are hearsay, they are not admissible evidence. *See* TEX. R. EVID. 801; *Grant*, 172 S.W.3d at 101; *Martin v. State*, 823 S.W.2d 391, 393 (Tex. App.—Texarkana 1992), *pet. ref'd*, 830 S.W.2d 137 (Tex. Crim. App. 1992) (counsel's affidavit stating what a juror told him in

5

support of motion for new trial based on alleged juror misconduct was inadmissible hearsay). Despite this fact, Asuncion was given a hearing on his motion for new trial.[4] At the hearing, the only evidence offered in support of the motion for new trial was Ojeda's affidavit. The trial court was correct in concluding that the affidavit was inadmissible hearsay and in sustaining the State's objection to its admission. In the absence of any evidence to support his claim of juror misconduct, the trial court did not err in refusing to grant Asuncion's motion for new trial.[5]

We affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice

Date Submitted:     August 13, 2019
Date Decided:       August 21, 2019

Do Not Publish

---

[4]Asuncion's sole appellate argument that the affidavit is not hearsay is that "Rule 101(d)(1)(A) provides that the rules, except with regard to privileges[,] do not apply to admissibility of evidence questions." We find this issue to be inadequately briefed in accordance with Rule 38.1(f) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.1(f).

[5]Because we conclude that Ojeda's affidavit was hearsay and did not constitute admissible evidence, we need not address the admissibility of the affidavit under Rule 606 of the Texas Rules of Evidence.