**Annie A. ZIMMERMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–81–00097–CR.**

Court of Appeals of Texas,
San Antonio.

Dec. 30, 1981.

Fred A. Semaan, Charles D. Butts, San Antonio, for appellant.

Earle Caddel, Dist. Atty., Uvalde, for appellee.

Before KLINGEMAN, CLARK and BASKIN, JJ.

## OPINION

CLARK, Justice.

The offense is murder; the punishment is ten years' confinement. The sufficiency of the evidence is not in question, making a statement of the facts unnecessary.

Appellant alleges, in three grounds of error, that jury misconduct occurring during the jury's deliberations violated Tex. Code Crim.Pro.Ann. arts. 40.03(7) and (8) (Vernon 1979) and deprived appellant of due process and a fair and impartial trial. The principal thrust of appellant's contentions is that the jury improperly discussed and took into consideration punishment matters (including the availability of parole and the length of actual incarceration that might result from a given sentence) during both the guilt and punishment phases of the trial, thus denying appellant a fair and impartial trial. Appellant raised these issues in her amended motion for new trial, which the trial judge overruled after a full evidentiary hearing.

The State contends that the motion was insufficient as a matter of law for lack of a supporting affidavit. Appellant's amended motion for new trial was supported solely by the affidavit of one of appellant's trial counsel, Fred Semaan, describing the circumstances which allegedly constituted jury misconduct. It is abundantly clear from

the record that the attorney became aware of the alleged improper discussions by actually eavesdropping upon the deliberations of the jury. During the hearing on the amended motion for new trial, Semaan testified that he intentionally stationed himself near the door of the jury room in an effort to hear what the members of the jury were saying during their deliberations. Another witness testified that Semaan's ear was within six inches of the door which opened into the jury room.

■ Under these facts, we find *Acosta v. State*, 126 Tex.Cr.R. 618, 72 S.W.2d 1074 (1934), to be dispositive of this appeal. In *Acosta* the Court of Criminal Appeals refused to consider affidavits of the district clerk and of counsel for appellant in support of a motion for new trial because neither affiant had shown that his knowledge of what took place inside the jury room was not the result of an intentional effort on his part to overhear the jury's deliberations.

■ In the case before us we find that the testimony of appellant's counsel precludes consideration of his affidavit. Without this affidavit the motion for new trial fails for lack of a supporting affidavit. *Clark v. State*, 163 Tex.Cr.R. 54, 289 S.W.2d 288 (1956);[1] *Slanker v. State*, 505 S.W.2d 274 (Tex.Cr.App.1974). Such a motion for new trial may be overruled at any stage of the proceeding. *Procella v. State*, 395 S.W.2d 637 (Tex.Cr.App.1965).

The intentional eavesdropping by defense counsel upon the jury's deliberations, as conclusively established by the record before us, is inexcusable. As the court observed in *Acosta*,

> [A]ttempts to invade [the jury's] seclusion are illegal and in palpable violation of judicial authority .... [S]hould the practice be tolerated or permitted of invading the privacy of the deliberations of such jury room by listening through transoms, other openings, or walls, and then undertaking by relations of what is claimed to have been heard, to impeach

the verdict of the jury, then indeed privacy of such deliberations would be not only seriously hampered and interfered with, but might be regarded as at an end ....

72 S.W.2d, at 1076.

The court went on to point out that the practical effect of tolerating an invasion of the privacy of jury deliberations

> ... would be to permit the jury room ... to be surrounded by interested parties in person or through their representatives or agents, each in an effort to lay hold upon something that might be said in the jury room upon which an application for new trial on the ground of misconduct might be predicated.

*Id.*

We trust that our message is unmistakably clear. Like the Court of Criminal Appeals, we "express the hope that such occurrence will not again be brought to the attention of this court." 72 S.W.2d at 1076.

For the reasons stated, we overrule each of appellant's three grounds of error and affirm the judgment of the trial court.

---

1. In *Clark* the Court also held that a juror's affidavit is not absolutely necessary to support a motion for new trial when the failure to secure such an affidavit may be satisfactorily explained. No such explanation was offered here.