**Wilbert James HAMILTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–90–00754–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 31, 1991.

Wendell A. Odem, Jr., Cynthia Russell Henley, Houston, for appellant.

Alan Curry, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and CANNON, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

This is an appeal from a conviction of voluntary manslaughter. Wilbert James Hamilton, appellant, was indicted for the felony offense of murder, pled not guilty and was tried by a jury. The jury convicted appellant of voluntary manslaughter and assessed punishment at 20 years confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant raises three points of error concerning the State's summation of evidence during the punishment stage of the trial, and the constitutionality of the trial court's jury instruction on the law of parole. We affirm.

Appellant, Darryl Banks (Banks), John Guillory (Guillory) and James Moore (Moore) were at Dennis Gamble's (Gamble) apartment on February 26, 1990. They were later joined, at the apartment, by Byron Alexander (Alexander) and Aaron Owens (Owens). Alexander was wearing a pouch in which it was reputed he carried a gun and he had a reputation for violence.

Gamble and Alexander got into an argument on the porch about a rumor that Gamble had accused Alexander of stealing stereo equipment from his car. Appellant joined in the argument and after having words with Alexander, went back into the apartment and got a toy gun. He brought the toy gun out to the porch, pointed it at Alexander, and pulled the trigger. Appellant went back into Gamble's apartment and then returned to the porch to state "Boom, you're dead" as he fired a real gun at Alexander. Both Alexander and Owens were struck by the gunfire from appellant's weapon. Owens and Banks ran away from the apartment, and while they were retreating, heard additional gunfire and saw appellant fire at Alexander again. Gamble saw Alexander drop a gun after he had been shot, and Guillory retrieved a .357 from the porch near Alexander's body after the shooting. However, no shots were fired by Alexander. Alexander received five gunshot wounds, two of which were fired downward into his body. One of these downward fired shots went into Alexander's chest and one went into the back of his head. Appellant was picked out of a photospread by Banks and Owens as the person who had shot Alexander and Owens. Appellant was charged with the murder of Alexander and, on a separate count, with the attempted capital murder of Owens. He was arrested several days later in Port Arthur, Texas. The trial court severed the two crimes and the murder charge was tried separately to a jury.

Appellant, in his first point of error, claims that the trial court committed reversible error by denying his motion for a mistrial after the State invited the jury to speculate on extraneous offenses during summation. An arson investigator, Garrett Accord, had testified during trial that the appellant had a bad reputation for being peaceful and law-abiding. Subsequently, in argument to the jury during the punishment stage of the trial, the State offered the following argument:

The law also says that you can consider everything that you know about the Defendant. He told you that he was 19 years old. That means that he was 17 years old two years ago. In the eyes of the law he was an adult two years ago.

Now use your common sense and think about this: Investigator Garrett Accord told you that in September of last year when the Defendant was 18 years old he became acquainted with the Defendant. You heard everything the law allows me to let you know about this, but think. . . .

Appellant objected and requested an instruction for the jury to disregard the State's argument. The trial court sustained the objection and gave the instruction to the jury. The State began again on the subject of Accord's testimony, appellant objected, asked for a jury instruction to disregard, and requested a mistrial. The State responded that Accord's testimony was in evidence. However, the trial judge sustained the objection, gave the instruction to the jury, and denied the mistrial. The State finished up by summarizing Accord's testimony and telling the jury to use their common sense.

■ While it is proper for the State, during jury argument, to urge the jury to use their common sense in the deliberation process, *Bell v. State*, 724 S.W.2d 780, 801 (Tex.Crim.App.1986), it is error for the State to make statements that would lead the jury to speculate on extraneous offenses or other matters that are not in the evidence. *See Everett v. State*, 707 S.W.2d 638 (Tex.Crim.App.1986); *Green v. State*, 679 S.W.2d 516 (Tex.Crim.App.1984); *Parson v. State*, 652 S.W.2d 616 (Tex.App.—Dallas 1983, pet. ref'd). In this case the appellant objected and requested an instruction to disregard the improper argument, which the trial court granted. When a jury instruction is given to disregard this type of argument, the general rule is that any error is cured. *Anderson v. State*, 633 S.W.2d 851, 855 (Tex.Crim.App.1982). *See also Nichols v. State*, 754 S.W.2d 185, 200 (Tex.Crim.App.1988) (appellate presumption that court's instruction to disregard will be obeyed by jury).

■ Appellant alleges that the general rule set out in *Anderson* does not apply to this case because the prosecutor refused to abide by the judge's ruling and attempted to repeat the improper argument. The State may not attempt to circumvent the trial court's ruling that such argument was improper and such behavior can rise to the level of reversible error. *Boyde v. State*, 513 S.W.2d 588, 591 (Tex.Crim.App.1974) (prosecutor's course of repeatedly ignoring the court's rulings, found to be reversible error despite repeated jury instructions to disregard). In this case, however, the evidence does not require such a result. The State, after the trial court's instruction, only made reference to Accord's testimony, which was in evidence, and did not again refer to matters outside the record. We find that the court's instruction cured any harm arising from the improper argument and overrule appellant's point of error number one.

■ In his last two points of error, appellant complains that the trial court committed reversible error by instructing the jury on the law of parole, and that the jury charge on parole violated his constitutional right to due process. Appellant complains that the jury charge regarding the law of parole created a risk that the jury would base their punishment decision on the possibility of parole. *Rose v. State*, 752 S.W.2d 529, 535 (Tex.Crim.App.1987). Further, appellant argues that article 37.07 of the Code of Criminal Procedure which authorizes the trial court to inform juries that they can consider parole, an issue on which an accused cannot present evidence, is unconstitutional as violative of due process. TEX. CONST. art. I, §§ 13, 19; TEX.CODE CRIM. PROC.ANN. art. 37.07, § 4 (Vernon Supp. 1991).

Appellant bases his argument against the parole instruction, in large part, on the holding in *Rose v. State* made in 1987. *Rose* 752 S.W.2d at 535. *Rose* held that consideration by the jury of parole in assessing punishment, as authorized by article 37.07, was an evil to be avoided. Additionally, the *Rose* court found article 37.07 to be unconstitutional because it violated a defendant's right to due course of law and the separation of powers doctrine. In 1989, after the decision in *Rose*, Texas voters approved a constitutional amendment regarding parole laws and that section now provides:

The Legislature shall by law establish a Board of Pardons and Paroles and shall

require it to keep record of its actions and the reasons for its actions. The Legislature shall have authority to enact parole laws and laws that require or permit courts to inform juries about the effect of good conduct time and eligibility for parole or mandatory supervision on the period of incarceration served by a defendant convicted of a criminal offense.

TEX. CONST. art. IV, § 11(a). Article 37.07 was re-enacted effective November 7, 1989 and is in conformity with the constitutional requirements of article IV, section 11(a). TEX.CODE CRIM.PROC.ANN. art. 37.07, § 4 (Vernon Pamp.1990). Appellant was tried in August of 1990. His case is controlled by the constitutional amendment and the re-enacted version of article 37.07, not the holding in *Rose*. *Edwards v. State*, 807 S.W.2d 338, 341 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd); *Johnson v. State*, 800 S.W.2d 563, 567 (Tex.App.—Houston [14th Dist.] 1990, pet. ref'd). The jury charge on parole, in this case, was in complete compliance with the re-enacted version of article 37.07, section 4(a), which permits the trial court to give a jury charge on the law of parole. Thus, the jury charge on parole was proper and did not violate appellant's constitutional rights. We overrule appellant's second and third points of error. The judgment of the trial court is affirmed.