Jim Carol MARTIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 6–90–103–CR.

Court of Appeals of Texas, Texarkana.

Jan. 14, 1992.

See also 823 S.W.2d 395.

Webb Biard, Biard, Payne & Grossnickle, Paris, Richard Anderson, Dallas, for appellant.

Frank Long, Dist. Atty., Sulphur Springs, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

Jim Carrol Martin appeals his conviction for aggravated sexual assault of a male child. On appeal, Martin raises issues concerning the inclusion of parole instructions in the court's charge to the jury in the punishment phase of the trial, the overruling of his motion for new trial, and the use at trial of hearsay statements of the victim.

Martin was jointly tried and convicted of aggravated sexual assault of a minor male child in Cause Number 12,814 and of a minor female child in Cause Number 12,815. Martin was the stepfather of the children. He was sentenced to twenty years' confinement for each offense. This is an appeal from his conviction in Cause Number 12,814.

Relying on *Rose v. State*, 752 S.W.2d 529 (Tex.Crim.App.1987), Martin first contends that the trial court committed fundamental error in its charge to the jury in the punishment phase of the trial by including an instruction concerning Martin's parole eligibility under Tex.Code Crim. Proc.Ann. art. 37.07, § 4 (Vernon Supp. 1992). His reliance on *Rose* is misplaced. A change in the Texas Constitution, effective November 7, 1989, gave the Legislature the authority to enact parole laws and laws that require or permit courts to inform juries about the effect of good conduct and eligibility for parole on the period

of incarceration served by a defendant convicted of a criminal offense. *See* Tex. Const. art. IV, § 11(a). The Legislature did so by reenacting Section 4 of Article 37.07, effective November 7, 1989. *See* Tex.Code Crim.Proc.Ann. art. 37.07, § 4. Martin's trial began on October 4, 1990, and judgment of conviction was entered and sentence was imposed on October 23, 1990, almost a year after the reenactment of Article 37.07, § 4 became effective. The trial judge did not err in giving the parole instruction to the jury. *See Hamilton v. State*, 818 S.W.2d 880 (Tex.App.–Houston [14th Dist.] 1991, n.p.h.); *Edwards v. State*, 807 S.W.2d 338, 341 (Tex.App.–Houston [14th Dist.] 1991, pet. ref'd); *Johnson v. State*, 800 S.W.2d 563, 567 (Tex.App.–Houston [14th Dist.] 1990, pet. ref'd).

Next, Martin contends that the trial court erred in failing to grant his motion for new trial based on jury misconduct.

Martin filed a motion for new trial alleging, among other things, jury misconduct during deliberation as to guilt or innocence. He alleged that one of the jurors told the remaining ones that he had previously served on a jury and that a majority of the jurors, not all twelve, could make a decision or reach a verdict.

The jury's verdict was read aloud by the trial judge when it was brought into the courtroom. The judge required all jurors who said the verdict was theirs to raise their right hand. All twelve jurors did so. Accordingly, since this poll of the jury showed that the verdict was unanimous, the trial judge properly refused to grant a new trial on the basis of this allegation, which in essence was a claim that less than all of the jurors had reached the verdict in the case.

Martin also alleged that one of the jurors told other jurors that in order for Martin to serve any time at all, they must give him a lengthy sentence because of the parole laws. This and the other allegation of misconduct cited in the brief on appeal were supported by an affidavit of Martin's attorney, Jerry Birdwell, who had interviewed one of the jurors after the trial. The affidavit filed by attorney Birdwell does not

suggest that the purported misstatement of the law as to length of sentence caused a longer confinement to be assessed than would have otherwise been the case. The jury could have set punishment at life imprisonment or imprisonment from five years to ninety-nine years, plus a $10,000.00 fine. The punishment assessed was twenty years' imprisonment, well below the maximum.

■ Martin urges that the court should have held a hearing on his motion for new trial. An affidavit is sufficient as a prerequisite for obtaining a hearing on a motion for new trial if it demonstrates that reasonable grounds exist for believing that jury misconduct occurred. *McIntire v. State,* 698 S.W.2d 652, 658 (Tex.Crim.App.1985). Here, although the allegations that the jury was told they must give a long prison term were not controverted by the State, the relatively light punishment set by the jury cast doubt on the truth of such allegations or any effect such statement had if it was made.

■ Additionally, Martin's motion for new trial was not sufficient to raise an issue on jury misconduct. The affidavit attached to the motion was not that of a juror, but of Martin's counsel. His counsel's statements of what some juror told him are hearsay and do not constitute admissible evidence. Thus, the affidavit was not entitled to consideration, and absent a sufficient affidavit, it was not error to fail to hold a hearing on the allegations and overrule the motion for new trial.[1] *McIntire v. State,* 698 S.W.2d 652, 660 (Tex. Crim.App.1985); *Norman v. State,* 588 S.W.2d 340, 348 (Tex.Crim.App. [Panel Op.] 1979); *Story v. State,* 502 S.W.2d 764, 768 (Tex.Crim.App.1973); *Zimmerman v. State,* 626 S.W.2d 849, 850 (Tex.App.–San Antonio 1981, no pet.). Moreover, there is no indication in the record that Martin requested the court to set a hearing on his motion for new trial.

In his final point of error, Martin argues that the trial court erred in allowing a State witness, Lois Price, to testify concerning statements made by the child victim. He urges that the State failed to comply with the mandatory requirements of TEX.CODE CRIM.PROC.ANN. art. 38.072 (Vernon Supp.1992), but he does not in his brief advise us to which of the mandatory requirements he refers.

■ In certain offenses, including aggravated sexual assault of a child, hearsay statements of a child abuse victim may be admissible when made by the first person eighteen years of age or older, other than the defendant, to whom the child made a statement about the offense. To qualify for admission, the party intending to offer the statement must notify the adverse party fourteen days before trial of its intention to admit the statement; provide the adverse party with the name of the witness through whom it intends to offer the statement; and provide the adverse party with a written summary of the statement. In addition, the trial court must find, in a hearing conducted outside the presence of the jury, that the statement is reliable, based on the time, content, and circumstances of the statement, and the child must testify or be available to testify in court or in any other manner provided by law. TEX.CODE CRIM.PROC.ANN. art. 38.072.

■ The State, in attempting to introduce statements made by the child victim, first called the child's mother. When it became apparent that the mother was not the first person to whom the victim had made a statement, the State called Lois Price, a social worker with the Texas Department of Human Services. Over objection by Martin, Price testified that she interviewed the victim after the mother had reported possible sexual abuse and that the child detailed to her various sexual acts which Martin had forced the child to perform. Price was not certain that she was the first person to whom the child had

---

1. A juror's affidavit is not absolutely necessary when the failure to secure one is satisfactorily explained. *Clark v. State,* 163 Tex.Crim. 54, 289 S.W.2d 288 (1956). Here, Martin's counsel stated that one juror refused to make an affidavit, but there was no explanation why other jurors' affidavits were not supplied.

made an outcry, and the court thereafter called the child, who testified that Price was the first person he told about the offense.

The court, after hearing testimony both before the jury and outside its presence, found that the statement made to Price was reliable based on the time, content, and circumstances. The court also heard evidence that the child victim was six years old at the time the incidents in question began to occur. The child testified in court and was cross-examined by Martin's counsel.

On June 5, 1990, the prosecutor sent to Martin's counsel a written copy of the complete statements made by the victim's mother, by the victim to Lois Price, and by the physician who examined the victim. The letter accompanying the statements included "notice of the intent to use hearsay statements of the child witnesses," pursuant to "Texas Code of Criminal Procedure, Article 38.72 (sic)." The reference should have been to Article 38.072, as there is no Article 38.72 in the code. Martin does not complain of the mischaracterization of the article, but he did complain at trial that he had not received proper notice because the notice letter did not specify which of the witnesses listed in the notice would be called as the hearsay witness. In his brief, Martin simply claims that the State failed to comply with the mandatory requirements of the article. He does not specify which of the numerous provisions of Article 38.072 the State failed to follow, and on that basis alone, we could overrule his point of error. We will, however, determine whether all requirements of Article 38.072 were met by the State.

The trial commenced on October 22, 1990, so the fourteen-day notice requirement was met. The State also provided the statements made by the victim and the name of the person to whom each statement was made. The notice did not designate which of the persons named would be called as the hearsay witness. Martin objected to this failure at trial, but in his brief on appeal he merely says that he objected to the introduction of the testimony because the State failed to comply with the mandatory requirements of Article 38.072. Except as to the designation of the person who would be the hearsay witness, all requirements appear to have been satisfied.

Although there was no specific designation in the notice letter of Lois Price as the hearsay witness, Martin's counsel did have her name from the notice letter he received in June 1990, before the commencement of the trial in October 1990, and he had a complete written copy of the statement made by the child victim to Price. If Martin's complaint is the failure to designate the actual witness, there is no evidence in the record that his counsel was surprised or harmed by the failure to designate her, nor that Martin was in any way prejudiced by admission of her testimony. We find no reversible error. *See Fetterolf v. State,* 782 S.W.2d 927, 930 (Tex.App.–Houston [14th Dist.] 1989, pet. ref'd).

The judgment of the trial court is affirmed.

BLEIL, Justice, concurring.

I concur in the decision affirming this conviction for the reasons set out in my opinion from the related offense.

GRANT, Justice, concurring.

In a letter to the defense attorney, the State gave notice of its intention to use hearsay to prove a statement made by the child:

> In addition, under Texas Code of Criminal Procedure, Article 38.72,[2] the State also gives notice of the intent to use hearsay statements of the child witnesses.

The State included enclosures with the letter of written statements made by the victim's mother, by Lois Price, and by the examining physician. There was no complaint about the timeliness of the notification, but Martin contends that it is invalid because it did not specifically designate the witness who would be called under Article

---

**2.** This reference should have read 38.072.

38.072. Under this provision, only one of the people whose statements were sent could be called to testify about out-of-court statements made by the child, and this would be the person who fulfilled the requirement of being the first adult, other than the defendant, to whom the child had made a statement about the alleged offense. The State was in a better position than the defendant to ascertain which witness qualified under Article 38.072, and upon a proper pretrial motion, the defendant could have sought relief from the trial court by asking that the State be required to specify which of the witnesses would be called to testify to hearsay statements made by the child. If the State could not determine which witness was the first adult to whom the child had made the statement, then the trial court could have so determined. In absence of such a motion, the defendant must demonstrate harm caused by the State's failure to so designate. Because the defendant has not done so, I concur with the majority.