**Jim Carol MARTIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–90–104–CR.**

Court of Appeals of Texas,
Texarkana.

Jan. 14, 1992.

See also 823 S.W.2d 391.

Webb Biard, Biard, Payne & Grossnickle, Paris, Richard Anderson, Dallas, for appellant.

Frank Long, Dist. Atty., Sulphur Springs, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

BLEIL, Justice.

Jim Martin appeals from a conviction for aggravated sexual assault of a child. On appeal, Martin questions the use at trial of hearsay statements of the victim, the inclusion of parole instructions in the court's charge to the jury in the punishment phase of the trial, and the overruling of his motion for new trial. We resolve these questions in favor of the State and affirm.

The State tried Martin for aggravated sexual assault of his two stepchildren. This appeal concerns his conviction for sexually assaulting one of the children.

Martin contends that the trial court erred in allowing Lois Price, a social worker with the Texas Department of Human Services, to testify concerning statements made by the child. He urges that the State failed to comply with the mandatory requirements of TEX.CODE CRIM.PROC.ANN. art. 38.072 (Vernon Supp.1992), which governs the admission of hearsay statements of a child victim.[1] Over objection by Martin, Price testified that she interviewed the victim after the mother had reported sexual abuse and that the child related various sexual acts which Martin forced upon her. Price

was not certain that she was the first person to whom the victim had made an outcry, but the child testified that Price was the first person to whom the statement was made.[2]

Before trial, the State furnished Martin's attorney with a written copy of the statements made by the victim's mother, by the victim to Lois Price, and by the physician who examined the victim. The letter enclosing the statements stated that it was notice of the intent to use hearsay statements of the child witness. Martin complained at trial that he had not received proper notice in accordance with TEX.CODE CRIM.PROC.ANN. art. 38.072 because the notice letter did not specify which of the witnesses listed in the notice would be called as the hearsay witness. Martin claims that the State failed to comply with the "mandatory requirements" of the article.

◼ Article 38.072 provides strict requirements for a statement to be admissible over a hearsay objection. *Long v. State*, 800 S.W.2d 545 (Tex.Crim.App.1990). Although there was no specific designation in the notice letter that Lois Price was to be the hearsay witness, Martin's attorney was given her name and a copy of the statement made by the victim to her. We conclude that the State complied with the notice requirements of Article 38.072.

◼ Relying on *Rose v. State*, 752 S.W.2d 529 (Tex.Crim.App.1987), Martin contends that the trial court committed

---

1. TEX.CODE CRIM.PROC.ANN. art. 38.072 (Vernon Supp.1992) provides that in prosecution of certain offenses, including aggravated sexual assault of a child, hearsay statements of a child abuse victim made by the child against whom the offense was committed, made to the first person eighteen years of age or older, other than the defendant, to whom the child made a statement about the offense is not inadmissible because of the hearsay rule if:

(1) on or before the fourteenth day before the date the proceeding begins, the party intending to offer the statement notifies the adverse party of its intention to do so; provides the adverse party with the name of the witness through whom it intends to offer the statement; and

provides the adverse party with a written summary of the statement;

(2) the trial court finds, in a hearing conducted outside the presence of the jury, that the statement is reliable based on the time, content, and circumstances of the statement; and the child testifies or is available to testify in court or in any other manner provided by law.

2. The court, after hearing testimony both before the jury and outside its presence, found that the statement made to Price was reliable based on the time, content and circumstances. The court also heard evidence that the victim was six years old at the time the incidents in question began to occur. The child testified in court and was cross-examined by Martin's counsel.

fundamental error in its charge to the jury in the punishment phase of the trial by including an instruction concerning Martin's parole eligibility under TEX.CODE CRIM. PROC.ANN. art. 37.07 (Vernon 1981 & Supp. 1992). The trial court's instruction on good conduct time and parole is specifically authorized by statute.[3] The trial judge did not err in giving the parole instruction to the jury. *See Hamilton v. State*, 818 S.W.2d 880 (Tex.App.—Houston [14th Dist.] 1991, n.p.h.); *Edwards v. State*, 807 S.W.2d 338, 341 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd); *Johnson v. State*, 800 S.W.2d 563, 567 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd).

Martin filed a motion for new trial alleging, among other things, jury misconduct during deliberation as to guilt or innocence. Specifically, he claimed that one of the jurors told the other jurors that he had served on a jury before and that a majority of the jurors, not all twelve, could make a decision or reach a verdict.

Martin also alleged that one of the jurors told other jurors that in order for Martin to serve any time at all, they must give him a lengthy sentence because of the parole laws. This and the other allegation of misconduct were made by Martin's attorney, Jerry Birdwell, who had interviewed one of the jurors after the trial. The juror refused to give an affidavit. The affidavit filed by the attorney does not suggest that any misstatement of the law as to length of sentence was relied upon by one or more jurors to change their vote to a harsher sentence.

 A defendant in a criminal trial must establish the truth of the allegations contained in his motion for new trial. *Dugard v. State*, 688 S.W.2d 524, 528 (Tex. Crim.App.1985). An affidavit attached to a motion for new trial on the ground of jury misconduct is only a pleading and, absent any evidence offered in support of the mo-

tion, the motion is properly overruled. *See Dugard v. State*, 668 S.W.2d at 529. We conclude that the trial court did not err in ruling on the motion for new trial.

 Martin further urges that the court should have held a hearing on his motion for new trial. There is no indication that Martin requested the trial court to hold a hearing on his motion for new trial. Martin shows no trial court error.

GRANT, Justice, concurring.

In a letter to the defense attorney, the State gave notice of its intention to use hearsay to prove a statement made by the child:

> In addition, under Texas Code of Criminal Procedure, Article 38.72,[4] the State also gives notice of the intent to use hearsay statements of the child witnesses.

The State included enclosures with the letter of written statements made by the victim's mother, by Lois Price, and by the examining physician. There was no complaint about the timeliness of the notification, but Martin contends that it is invalid because it did not specifically designate the witness who would be called under TEX. CODE CRIM.PROC.ANN. art. 38.072 (Vernon Supp.1992). Under this provision, only one of the people whose statements were sent could be called to testify about out-of-court statements made by the child, and this would be the person who fulfilled the requirement of being the first adult, other than the defendant, to whom the child had made a statement about the alleged offense. The State was in a better position than the defendant to ascertain which witness qualified under TEX.CODE CRIM.PROC. ANN. art. 38.072 (Vernon Supp.1992), and upon a proper pretrial motion, the defendant could have sought relief from the trial court by asking that the State be required to specify which of the witnesses would be called to testify to hearsay statements

---

**3.** A change to the Texas Constitution in 1989 gave the legislature the authority to enact laws that require or permit courts to inform juries about the effect of good conduct and eligibility for parole on the period of incarceration served by a defendant convicted of a criminal offense.

*See* TEX. CONST. art. IV, § 11(a). The legislature did so by re-enacting Section 4 of Article 37.07, effective November 7, 1989. *See* TEX.CODE CRIM. PROC.ANN. art. 37.07, § 4 (Vernon Supp.1992).

**4.** This reference should have read 38.072.