NUMBER 13-04-00281-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


SILVESTRE SAUCEDO, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 404th District Court of Cameron County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Garza and Benavides


Memorandum Opinion by Chief Justice Valdez
 


 A jury found appellant, Silvestre Saucedo, guilty of murder and assessed
punishment at fifty-five years in prison. See Tex. Penal Code § 19.02(b)(1), (2) (Vernon
2003). Appellant asserts five issues on appeal. All dispositive issues are clearly settled
in law. Accordingly, we issue this memorandum opinion and affirm. See Tex. R. App. P.
47.4.

I. Background

 This case involves the death of Ricardo Cabrera ("Ricardo"). The evidence shows
that in the early morning hours of June 8, 2003, two men arrived at Ricardo's residence. 
Upon their arrival, the two men began banging on Ricardo's front door. 

 Gloria Cabrera, Ricardo's wife, testified that she and Ricardo were asleep when they
were suddenly awakened by the banging. She stated that Ricardo got out of bed and
walked toward the front door. She then looked out the window and saw appellant standing
outside with another man, whom she identified as appellant's brother, Esteban. She stated
that the men initially began to argue with Ricardo, but the argument quickly turned to a
physical altercation between Ricardo and Esteban. She further stated that while the two
men were fighting, she saw appellant pull out a gun. She then heard her husband
exclaim,"Uncle it wasn't me. I didn't say anything." Frightened, she began to walk toward
the front door, when she heard a gunshot. She retreated back to her bedroom, looked out
the window, and saw appellant walking from the back of her house with a gun in his hand. 
The two men then left. Gloria identified appellant as Ricardo's uncle, and as the man she
saw with the gun. 

 Leticia Placencia, appellant's neighbor, also testified on behalf of the State. She
stated that she saw a red Jeep drive up to Ricardo's house around midnight. She further
stated that after she heard some loud knocking, she again looked out her living room
window and saw appellant and Esteban at Ricardo's front door. The record shows that she
identified appellant as the person she saw at Ricardo's residence. She indicated that she
saw Esteban assault Ricardo, and that she heard Ricardo plead for his life. She then left
the window, went to bed, and as soon as she laid down, she heard a gunshot. Again, she
looked out her window, and saw appellant with "something shiny" in his hand. 

 A second neighbor, Jose Juan Vasquez, also testified that he saw a red Jeep drive
up to appellant's house around midnight. He stated that he saw two men exit the Jeep,
that they began banging on appellant's door, that they then began arguing with Ricardo,
and that a fight broke out. He further stated that he saw a man fitting appellant's
description pull out a handgun and shoot at Ricardo. He then saw Ricardo stumble
towards the back of his house with the two men following. The two men then left in the red
Jeep. 

 The record shows that Cameron County police officers arrested appellant at a
residence known to be his girlfriend's house. Forensic experts testified that a red Jeep was
located at this residence and that a pair of blood stains were found in the Jeep. 

 Ricardo was found dead behind his residence. The State established that the cause
of death was a single gunshot wound to the base of the left side of his neck. Appellant was
indicted for Ricardo's murder. A jury convicted appellant on April 30, 2004, and sentenced
him to fifty-five years in prison. This appeal ensued. 

II. Attorney-Client Privilege

 By his first issue, appellant argues the trial court erred in admitting testimony
protected by the attorney-client privilege. See Tex. R. Evid. 503(b)(1). We disagree. 

 Testifying on his own behalf, appellant claimed that his brother Esteban began
fighting with the victim and that, while the two were fighting, he heard a gunshot but was
unaware as to who did the shooting. On cross-examination, the State asked appellant if
he could explain why his trial counsel mentioned to the jury in his opening statement that
appellant did not contest the fact that he was the shooter. The State further asked: "[I]sn't
it true, sir, that your defensive theory to these allegations has completely changed since
the evidence began?" Appellant's trial counsel objected to this question, arguing that "the
strategy defense attorney is using in this case [is] not necessarily produced to the
defendant . . . ." The objection was overruled. Again, the State asked appellant whether
his "defensive strategy [had] completely changed," wherein appellant responded that he
was unaware of his defense. 

 The attorney-client privilege protects confidential communications made for the
purpose of facilitating the rendition of professional legal services to the client. See Id. The
burden is on the party asserting it. Strong v. State, 773 S.W.2d 543, 552 (Tex. Crim. App.
1989). We review the trial court's decision for abuse of discretion. Harvey v. State, 97
S.W.3d 162, 168 (Tex. App.-Houston [14th Dist.] 2002, pet. ref'd). 

 First, we note that an objection asserting the attorney-client privilege was never
lodged by appellant's trial counsel. Second, appellant fails to explain to this Court how the
above questions posed by the State invaded the attorney-client privilege. Third, the State's
query as to whether appellant had changed his defensive theory did not call for a
disclosure of confidential communications. Appellant's answer, moreover, did not disclose
any confidential communications because he flatly denied knowing his defensive theory. 
Indeed, appellant's trial counsel acknowledged that his defensive theory was "not
necessarily produced to the defendant." We find no error. Appellant's first issue is
overruled. III. Exclusion of Evidence 

 By his second issue, appellant contends that the trial court erred in excluding certain
evidence. Specifically, appellant contends that the trial court erred in excluding an affidavit
given by Esteban's wife, wherein she alleged that she was raped by the victim in this case. 
Appellant argues that this evidence would have shown Esteban's motive to shoot Ricardo. 
Appellant, however, fails to cite to any point the record where the alleged exclusion of the
affidavit occurred. At most, the record shows that appellant's trial counsel mentioned to
the trial court that he intended to offer the affidavit as evidence, but failed to do so. 

 We review a trial court's order excluding evidence under an abuse of discretion
standard. Willover v. State, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002). In order to
successfully argue on appeal that the trial court erred in excluding certain evidence, an
appellant must demonstrate that (1) he or she preserved the argument by offering the
evidence during trial and by making the trial court aware of the substance of the evidence
and the basis for its admission, see Tex. R. App. P. 33.1(a), Tex. R. Evid. 103(a)(2),
Basham v. State, 608 S.W.2d 677, 679 (Tex. Crim. App. 1980); (2) the trial court erred in
ruling the evidence inadmissible, see Willover, 70 S.W.3d at 845; and (3) the trial court's
exclusion of the evidence was harmful to appellant's case, see Tex. R. App. P. 44.2; Ray
v. State, 178 S.W.3d 833, 835-36 (Tex. Crim. App. 2005). 

 In order to preserve an argument regarding the exclusion of evidence, the proponent
of the evidence must have actually attempted to introduce the evidence during trial, and
the trial court must have excluded the evidence. See Tex. R. App. P. 33.1(a), Tex. R. Evid.
103(a)(2), Basham, 608 S.W.2d at 679; Ites v. State, 923 S.W.2d 675, 678 (Tex.
App-Houston [1st Dist.] 1996, pet. ref'd). The proponent of the evidence must also have
made the substance of the offered evidence known to the court through either a bill of
exception or offer of proof, unless the substance is apparent from the context in which the
evidence was offered. See Tex. R. Evid. 103(a)(2). Failure to present a particular
argument to the trial court in support of the admission of excluded evidence waives the
argument on appeal. Reyna v. State, 168 S.W.3d 173, 176-79 (Tex. Crim. App. 2005);
Rodriguez v. State, 749 S.W.2d 576, 578 (Tex. App.-Corpus Christi 1988, pet. ref'd). 

 We have reviewed the record, and appellant made no attempt to introduce the
evidence he claims on appeal the trial court improperly excluded. In addition, appellant
has not cited, nor does the record reveal, that the trial court ruled or refused to rule on the
admissibility of this evidence. As appellant has failed to demonstrate the trial court actually
excluded the affidavit in question, and by failing to offer it during trial or obtain a ruling from
the trial court on whether the evidence was admissible, appellant failed to preserve this
issue for appellate review. See Reyna, 168 S.W.3d at 176-79; Rodriguez, 749 S.W.2d at
578. Appellant's second issue is overruled. 

IV. Motion For New Trial 

 By his third issue, appellant complains that the trial court erred when it denied his
motion for new trial without a hearing. 

 In his motion for new trial, appellant alleged, among other things, jury misconduct
during deliberations as to guilt or innocence. To support the allegation, appellant's trial
counsel attached an affidavit to the motion for new trial, wherein he swore under penalty
of perjury that he was told by juror 560202 that juror 583681 informed the jury that "he was
an expert on guns and that the shooting had to have been intentional and could not have
been an accident since to fire an automatic one had to first pull the receiver back to
chamber a round." Appellant's trial counsel also swore that juror 560202 told him that a
"fellow juror" informed the jury that "the defendant had previously pleaded guilty to the
crime for which the jury was trying him, but that the defendant had changed his plea to not
guilty." Based on this information, appellant alleges that the trial court erred in denying his
motion for new trial without a hearing. 

 We review the trial court's decision not to conduct a hearing on a motion for new trial
for an abuse of discretion. Reyes v. State, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993). 
An abuse of discretion occurs if a trial court makes a ruling without reference to any guiding
rules or principles or, in other words, when the act was arbitrary or unreasonable. 
Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). 

 As a prerequisite to obtaining a hearing and as a matter of pleading, motions for
new trial must be supported by affidavit, either of the accused or someone else, specifically
showing the truth of the grounds of attack. Martinez v. State, 74 S.W.3d 19, 21-22 (Tex.
Crim. App. 2002); McIntire v. State, 698 S.W.2d 652, 658 (Tex. Crim. App. 1985). The
affidavit is not required to reflect every component legally required to establish relief, but
either the motion itself or the affidavit must show that reasonable grounds exist to grant
relief. Martinez, 74 S.W.3d at 21, 22; Reyes, 849 S.W.2d at 816. 

 This case is similar to Martin v. State, 823 S.W.2d 391, 393 (Tex. App.-Texarkana
1992, pet. ref'd) in which the Sixth Court of Appeals held that hearsay statements of
counsel complaining of juror misconduct were insufficient to require a hearing. Id. (citing
McIntire, 698 S.W.2d at 660). Notably, the affidavit held insufficient in Martin contained
the hearsay statement of counsel reporting what a juror had told him. The same
circumstance exists here. Like the court in Martin, we conclude that appellant's counsel's
statements of what a juror told him are hearsay and do not constitute admissible evidence. 
Id. Thus, the affidavit was not entitled to consideration, and absent a sufficient affidavit,
it was not error to fail to hold a hearing on the allegations and overrule the motion for new
trial. Id.; see also Vyvial v. State, 111 Tex. Crim. 111, 10 S.W.2d 83, 84 (1928) (stating
that when a motion for new trial depends on extraneous matters which are necessarily
hearsay, the accused must have attached the affidavit of some person who has knowledge
of the facts). Appellant's third issue is overruled. (1) 

V. Extraneous Offense 

 By his fourth issue, appellant argues that the trial court erred by admitting evidence
of an extraneous domestic violence offense, where the probative value of the extraneous
offense was substantially outweighed by unfair prejudice. See Tex. R. Evid. 403(b). 

 The general prerequisite to presenting a complaint for review is a showing in the
record that (1) the complaint was made to the trial court by a request, objection, or motion
that was timely and sufficiently specific to make the trial court aware of the grounds of
complaint; and (2) the trial court ruled adversely. Tucker v. State, 990 S.W.2d 261, 262
(Tex. Crim. App. 1999) (en banc). Absent any objection, any error in admission of an
extraneous offense is waived. Blue v. State, 41 S.W.3d 129, 131 (Tex. Crim. App. 2000). 
If counsel does not pursue the objection to an adverse ruling, error is not preserved. Tex.
R. App. P. 33.1(a)(1); see also Tucker, 990 S.W.2d at 262. 

 Here, the record shows that the State initially asked appellant whether he "had ever
been convicted of a crime of moral turpitude." Appellant's trial counsel objected to this
question, asserting that "appellant's character hasn't come up yet." The objection was
overruled. The State then continued to question appellant, without objection, concerning 
the details of a previous assault conviction. Indeed, the record shows that when the State
sought to introduce various court documents relating to the assault conviction, appellant's
trial counsel announced: "I don't have any objection." 

 To preserve error, an objection must be timely, specific, and pursued to an adverse
ruling. See Geuder v. State, 115 S.W.3d 11, 13 (Tex. Crim. App. 2003). Because
appellant did not specifically object to the statement on Rule 403(b) grounds, he did not
preserve the issue on appeal. Tex. R. App. P. 33.1(a)(1). Appellant's fourth issue is
overruled. 

VI. Factual Sufficiency 

 By his fifth issue, appellant asserts that the evidence is factually insufficient to
support his conviction for murder. 

 In a factual sufficiency review, we view all of the evidence in a neutral light and ask
whether a jury was rationally justified in finding guilt beyond a reasonable doubt. See
Watson v. State, 204 S.W.3d 404, 415 (Tex. Crim. App. 2006). In conducting this review,
we are permitted to substitute our judgment for the jury's on the question of witness
credibility and weight of evidence determinations, "albeit to a very limited degree." See
Marshall v. State, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006). We will reverse a verdict
of guilty on a factual sufficiency challenge only when we can say, with some objective basis
in the record, that the great weight and preponderance of the evidence contradicts the
jury's verdict. See Watson, 204 S.W.3d at 417.

 To obtain a conviction of murder in this case, the State was required to prove
beyond a reasonable doubt that appellant: (1) intentionally or knowingly caused the death
of the complainant; or (2) intended to cause serious bodily injury and committed an act
clearly dangerous to human life that caused the death of the complainant. See Tex. Penal
Code Ann. § 19.02(b)(1), (2). 

 After reviewing the entire record under the appropriate standard, we conclude the
evidence in this case is factually sufficient to support appellant's murder conviction. 
Ricardo's wife positively identified appellant as the person she saw with a gun in his hand
both before and after she heard the gunshot. Ricardo's two neighbors also identified
appellant as the person they saw arriving in a red Jeep. Jose Vasquez testified that he
saw a person fitting appellant's description point a handgun at Ricardo and then shoot. He
also saw appellant emerge from the back of Ricardo's house with a gun in hand. 
Appellant's red Jeep was found at his girlfriend's residence, and forensic experts identified
a pair of blood stains within the vehicle. The State further proved that the cause of death
was a single gunshot wound to the base of Ricardo's left side of his neck. 

 Viewing the evidence in a neutral light, we conclude that the evidence is factually
sufficient to support appellant's conviction for murder. The evidence was not so obviously
weak that appellant's conviction is clearly wrong and manifestly unjust, nor does the great
weight and preponderance of the evidence contradict the jury's verdict. See Marshall, 210
S.W.3d at 625. Appellant fourth issue is overruled. 

VII. Conclusion 

 We affirm the trial court's judgment. 


 

 ROGELIO VALDEZ

 Chief Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed 

this the 22nd day of May, 2008.

 



1. To prove the allegation of juror misconduct, appellant cites to a supplemental motion for new trial
which contained a purported transcription of a statement obtained from juror 560202. Rule of appellate
procedure 21 governs new trials in criminal cases. The defendant may file a motion for new trial no later than
thirty days after the date when the trial court imposes or suspends sentence in open court. Tex. R. App. P.
21.4(a). Within thirty days after the date when the trial court imposes or suspends sentence in open court,
but before the court overruled any preceding motion for new trial, a defendant may, without leave of court, file
one or more amended motions for new trial. Id. at 21.4(b). The overruling of a preceding motion for new trial
terminates the time during which amendments are allowed. See Starks v. State, 995 S.W.2d 844, 845-46
(Tex. App.-Amarillo 1999, no pet.). The amended motion, however, was filed on June 14, 2004, seven days
after the trial court denied appellant's initial motion for new trial. Because the supplemental motion was
untimely filed, we will not consider it. See Beathard v. State, 767 S.W.2d 423, 433 (Tex. Crim. App. 1989);
Drew v. State, 743 S.W.2d 207, 222-23 (Tex. Crim. App. 1987); Kiser v. State, 788 S.W.2d 909, 915 (Tex.
App.-Dallas 1990, pet. ref'd).