

# NUMBER 13-04-00281-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

SILVESTRE SAUCEDO,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

On appeal from the 404th District Court of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Benavides**
**Memorandum Opinion by Chief Justice Valdez**

A jury found appellant, Silvestre Saucedo, guilty of murder and assessed punishment at fifty-five years in prison. *See* TEX. PENAL CODE § 19.02(b)(1), (2) (Vernon 2003). Appellant asserts five issues on appeal. All dispositive issues are clearly settled in law. Accordingly, we issue this memorandum opinion and affirm. *See* TEX. R. APP. P. 47.4.

# I. Background

This case involves the death of Ricardo Cabrera ("Ricardo"). The evidence shows that in the early morning hours of June 8, 2003, two men arrived at Ricardo's residence. Upon their arrival, the two men began banging on Ricardo's front door.

Gloria Cabrera, Ricardo's wife, testified that she and Ricardo were asleep when they were suddenly awakened by the banging. She stated that Ricardo got out of bed and walked toward the front door. She then looked out the window and saw appellant standing outside with another man, whom she identified as appellant's brother, Esteban. She stated that the men initially began to argue with Ricardo, but the argument quickly turned to a physical altercation between Ricardo and Esteban. She further stated that while the two men were fighting, she saw appellant pull out a gun. She then heard her husband exclaim, "Uncle it wasn't me. I didn't say anything." Frightened, she began to walk toward the front door, when she heard a gunshot. She retreated back to her bedroom, looked out the window, and saw appellant walking from the back of her house with a gun in his hand. The two men then left. Gloria identified appellant as Ricardo's uncle, and as the man she saw with the gun.

Leticia Placencia, appellant's neighbor, also testified on behalf of the State. She stated that she saw a red Jeep drive up to Ricardo's house around midnight. She further stated that after she heard some loud knocking, she again looked out her living room window and saw appellant and Esteban at Ricardo's front door. The record shows that she identified appellant as the person she saw at Ricardo's residence. She indicated that she saw Esteban assault Ricardo, and that she heard Ricardo plead for his life. She then left the window, went to bed, and as soon as she laid down, she heard a gunshot. Again, she

2

looked out her window, and saw appellant with "something shiny" in his hand.

A second neighbor, Jose Juan Vasquez, also testified that he saw a red Jeep drive up to appellant's house around midnight. He stated that he saw two men exit the Jeep, that they began banging on appellant's door, that they then began arguing with Ricardo, and that a fight broke out. He further stated that he saw a man fitting appellant's description pull out a handgun and shoot at Ricardo. He then saw Ricardo stumble towards the back of his house with the two men following. The two men then left in the red Jeep.

The record shows that Cameron County police officers arrested appellant at a residence known to be his girlfriend's house. Forensic experts testified that a red Jeep was located at this residence and that a pair of blood stains were found in the Jeep.

Ricardo was found dead behind his residence. The State established that the cause of death was a single gunshot wound to the base of the left side of his neck. Appellant was indicted for Ricardo's murder. A jury convicted appellant on April 30, 2004, and sentenced him to fifty-five years in prison. This appeal ensued.

## II. ATTORNEY-CLIENT PRIVILEGE

By his first issue, appellant argues the trial court erred in admitting testimony protected by the attorney-client privilege. *See* TEX. R. EVID. 503(b)(1). We disagree.

Testifying on his own behalf, appellant claimed that his brother Esteban began fighting with the victim and that, while the two were fighting, he heard a gunshot but was unaware as to who did the shooting. On cross-examination, the State asked appellant if he could explain why his trial counsel mentioned to the jury in his opening statement that appellant did not contest the fact that he was the shooter. The State further asked: "[I]sn't

it true, sir, that your defensive theory to these allegations has completely changed since the evidence began?" Appellant's trial counsel objected to this question, arguing that "the strategy defense attorney is using in this case [is] not necessarily produced to the defendant . . . ." The objection was overruled. Again, the State asked appellant whether his "defensive strategy [had] completely changed," wherein appellant responded that he was unaware of his defense.

The attorney-client privilege protects confidential communications made for the purpose of facilitating the rendition of professional legal services to the client. *See Id*. The burden is on the party asserting it. *Strong v. State*, 773 S.W.2d 543, 552 (Tex. Crim. App. 1989). We review the trial court's decision for abuse of discretion. *Harvey v. State*, 97 S.W.3d 162, 168 (Tex. App.–Houston [14th Dist.] 2002, pet. ref'd).

First, we note that an objection asserting the attorney-client privilege was never lodged by appellant's trial counsel. Second, appellant fails to explain to this Court how the above questions posed by the State invaded the attorney-client privilege. Third, the State's query as to whether appellant had changed his defensive theory did not call for a disclosure of confidential communications. Appellant's answer, moreover, did not disclose any confidential communications because he flatly denied knowing his defensive theory. Indeed, appellant's trial counsel acknowledged that his defensive theory was "not necessarily produced to the defendant." We find no error. Appellant's first issue is overruled.

### III. EXCLUSION OF EVIDENCE

By his second issue, appellant contends that the trial court erred in excluding certain

4

evidence.  Specifically, appellant contends that the trial court erred in excluding an affidavit given by Esteban's wife, wherein she alleged that she was raped by the victim in this case. Appellant argues that this evidence would have shown Esteban's motive to shoot Ricardo. Appellant, however, fails to cite to any point the record where the alleged exclusion of the affidavit occurred.   At most, the record shows that appellant's trial counsel mentioned to the trial court that he intended to offer the affidavit as evidence, but failed to do so.

We review a trial court's order excluding evidence under an abuse of discretion standard.  *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002).  In order to successfully argue on appeal that the trial court erred in excluding certain evidence, an appellant must demonstrate that (1) he or she preserved the argument by offering the evidence during trial and by making the trial court aware of the substance of the evidence and the basis for its admission, *see* TEX. R. APP. P. 33.1(a), TEX. R. EVID. 103(a)(2), *Basham v. State*, 608 S.W.2d 677, 679 (Tex. Crim. App. 1980); (2) the trial court erred in ruling the evidence inadmissible, *see Willover*, 70 S.W.3d at 845; and (3) the trial court's exclusion of the evidence was harmful to appellant's case, *see* TEX. R. APP. P. 44.2; *Ray v. State*, 178 S.W.3d 833, 835-36 (Tex. Crim. App. 2005).

In order to preserve an argument regarding the exclusion of evidence, the proponent of the evidence must have actually attempted to introduce the evidence during trial, and the trial court must have excluded the evidence.  *See* TEX. R. APP. P. 33.1(a), TEX. R. EVID. 103(a)(2), *Basham*, 608 S.W.2d at 679; *Ites v. State*, 923 S.W.2d 675, 678 (Tex. App–Houston [1st Dist.] 1996, pet. ref'd).  The proponent of the evidence must also have made the substance of the offered evidence known to the court through either a bill of

exception or offer of proof, unless the substance is apparent from the context in which the evidence was offered. *See* TEX. R. EVID. 103(a)(2). Failure to present a particular argument to the trial court in support of the admission of excluded evidence waives the argument on appeal. *Reyna v. State*, 168 S.W.3d 173, 176-79 (Tex. Crim. App. 2005); *Rodriguez v. State*, 749 S.W.2d 576, 578 (Tex. App.–Corpus Christi 1988, pet. ref'd).

We have reviewed the record, and appellant made no attempt to introduce the evidence he claims on appeal the trial court improperly excluded. In addition, appellant has not cited, nor does the record reveal, that the trial court ruled or refused to rule on the admissibility of this evidence. As appellant has failed to demonstrate the trial court actually excluded the affidavit in question, and by failing to offer it during trial or obtain a ruling from the trial court on whether the evidence was admissible, appellant failed to preserve this issue for appellate review. *See Reyna*, 168 S.W.3d at 176-79; *Rodriguez*, 749 S.W.2d at 578. Appellant's second issue is overruled.

### IV. MOTION FOR NEW TRIAL

By his third issue, appellant complains that the trial court erred when it denied his motion for new trial without a hearing.

In his motion for new trial, appellant alleged, among other things, jury misconduct during deliberations as to guilt or innocence. To support the allegation, appellant's trial counsel attached an affidavit to the motion for new trial, wherein he swore under penalty of perjury that he was told by juror 560202 that juror 583681 informed the jury that "he was an expert on guns and that the shooting had to have been intentional and could not have been an accident since to fire an automatic one had to first pull the receiver back to

6

chamber a round." Appellant's trial counsel also swore that juror 560202 told him that a "fellow juror" informed the jury that "the defendant had previously pleaded guilty to the crime for which the jury was trying him, but that the defendant had changed his plea to not guilty." Based on this information, appellant alleges that the trial court erred in denying his motion for new trial without a hearing.

We review the trial court's decision not to conduct a hearing on a motion for new trial for an abuse of discretion. *Reyes v. State*, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993). An abuse of discretion occurs if a trial court makes a ruling without reference to any guiding rules or principles or, in other words, when the act was arbitrary or unreasonable. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990).

As a prerequisite to obtaining a hearing and as a matter of pleading, motions for new trial must be supported by affidavit, either of the accused or someone else, specifically showing the truth of the grounds of attack. *Martinez v. State*, 74 S.W.3d 19, 21-22 (Tex. Crim. App. 2002); *McIntire v. State*, 698 S.W.2d 652, 658 (Tex. Crim. App. 1985). The affidavit is not required to reflect every component legally required to establish relief, but either the motion itself or the affidavit must show that reasonable grounds exist to grant relief. *Martinez*, 74 S.W.3d at 21, 22; *Reyes*, 849 S.W.2d at 816.

This case is similar to *Martin v. State*, 823 S.W.2d 391, 393 (Tex. App.–Texarkana 1992, pet. ref'd) in which the Sixth Court of Appeals held that hearsay statements of counsel complaining of juror misconduct were insufficient to require a hearing. *Id*. (citing *McIntire*, 698 S.W.2d at 660). Notably, the affidavit held insufficient in *Martin* contained the hearsay statement of counsel reporting what a juror had told him. The same

7

circumstance exists here.  Like the court in *Martin*, we conclude that appellant's counsel's statements of what a juror told him are hearsay and do not constitute admissible evidence. *Id*.  Thus, the affidavit was not entitled to consideration, and absent a sufficient affidavit, it was not error to fail to hold a hearing on the allegations and overrule the motion for new trial.  *Id*.; *see also Vyvial v. State*, 111 Tex. Crim. 111, 10 S.W.2d 83, 84 (1928) (stating that when a motion for new trial depends on extraneous matters which are necessarily hearsay, the accused must have attached the affidavit of some person who has knowledge of the facts).  Appellant's third issue is overruled.[1]

## V.  EXTRANEOUS OFFENSE

By his fourth issue, appellant argues that the trial court erred by admitting evidence of an extraneous domestic violence offense, where the probative value of the extraneous offense was substantially outweighed by unfair prejudice.  *See* TEX. R. EVID. 403(b).

The general prerequisite to presenting a complaint for review is a showing in the record that (1) the complaint was made to the trial court by a request, objection, or motion that was timely and sufficiently specific to make the trial court aware of the grounds of complaint; and (2) the trial court ruled adversely.  *Tucker v. State*, 990 S.W.2d 261, 262

---

[1]  To prove the allegation of juror misconduct, appellant cites to a supplemental motion for new trial which contained a purported transcription of a statement obtained from juror 560202.  Rule of appellate procedure 21 governs new trials in criminal cases.  The defendant may file a motion for new trial no later than thirty days after the date when the trial court imposes or suspends sentence in open court.  TEX. R. APP. P. 21.4(a).  Within thirty days after the date when the trial court imposes or suspends sentence in open court, but before the court overruled any preceding motion for new trial, a defendant may, without leave of court, file one or more amended motions for new trial.  *Id*. at 21.4(b).  The overruling of a preceding motion for new trial terminates the time during which amendments are allowed.  *See Starks v. State*, 995 S.W.2d 844, 845-46 (Tex. App.–Amarillo 1999, no pet.).  The amended motion, however, was filed on June 14, 2004, seven days after the trial court denied appellant's initial motion for new trial.  Because the supplemental motion was untimely filed, we will not consider it.  *See Beathard v. State*, 767 S.W.2d 423, 433 (Tex. Crim. App. 1989); *Drew v. State*, 743 S.W.2d 207, 222-23 (Tex. Crim. App. 1987); *Kiser v. State*, 788 S.W.2d 909, 915 (Tex. App.–Dallas 1990, pet. ref'd).

(Tex. Crim. App. 1999) (en banc). Absent any objection, any error in admission of an extraneous offense is waived. *Blue v. State*, 41 S.W.3d 129, 131 (Tex. Crim. App. 2000). If counsel does not pursue the objection to an adverse ruling, error is not preserved. TEX. R. APP. P. 33.1(a)(1); *see also Tucker*, 990 S.W.2d at 262.

Here, the record shows that the State initially asked appellant whether he "had ever been convicted of a crime of moral turpitude." Appellant's trial counsel objected to this question, asserting that "appellant's character hasn't come up yet." The objection was overruled. The State then continued to question appellant, without objection, concerning the details of a previous assault conviction. Indeed, the record shows that when the State sought to introduce various court documents relating to the assault conviction, appellant's trial counsel announced: "I don't have any objection."

To preserve error, an objection must be timely, specific, and pursued to an adverse ruling. *See Geuder v. State*, 115 S.W.3d 11, 13 (Tex. Crim. App. 2003). Because appellant did not specifically object to the statement on Rule 403(b) grounds, he did not preserve the issue on appeal. TEX. R. APP. P. 33.1(a)(1). Appellant's fourth issue is overruled.

## VI. FACTUAL SUFFICIENCY

By his fifth issue, appellant asserts that the evidence is factually insufficient to support his conviction for murder.

In a factual sufficiency review, we view all of the evidence in a neutral light and ask whether a jury was rationally justified in finding guilt beyond a reasonable doubt. *See Watson v. State*, 204 S.W.3d 404, 415 (Tex. Crim. App. 2006). In conducting this review,

we are permitted to substitute our judgment for the jury's on the question of witness credibility and weight of evidence determinations, "albeit to a very limited degree." *See Marshall v. State*, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006). We will reverse a verdict of guilty on a factual sufficiency challenge only when we can say, with some objective basis in the record, that the great weight and preponderance of the evidence contradicts the jury's verdict. *See Watson*, 204 S.W.3d at 417.

To obtain a conviction of murder in this case, the State was required to prove beyond a reasonable doubt that appellant: (1) intentionally or knowingly caused the death of the complainant; or (2) intended to cause serious bodily injury and committed an act clearly dangerous to human life that caused the death of the complainant. *See* TEX. PENAL CODE ANN. § 19.02(b)(1), (2).

After reviewing the entire record under the appropriate standard, we conclude the evidence in this case is factually sufficient to support appellant's murder conviction. Ricardo's wife positively identified appellant as the person she saw with a gun in his hand both before and after she heard the gunshot. Ricardo's two neighbors also identified appellant as the person they saw arriving in a red Jeep. Jose Vasquez testified that he saw a person fitting appellant's description point a handgun at Ricardo and then shoot. He also saw appellant emerge from the back of Ricardo's house with a gun in hand. Appellant's red Jeep was found at his girlfriend's residence, and forensic experts identified a pair of blood stains within the vehicle. The State further proved that the cause of death was a single gunshot wound to the base of Ricardo's left side of his neck.

Viewing the evidence in a neutral light, we conclude that the evidence is factually sufficient to support appellant's conviction for murder. The evidence was not so obviously

weak that appellant's conviction is clearly wrong and manifestly unjust, nor does the great

weight and preponderance of the evidence contradict the jury's verdict. *See Marshall*, 210

S.W.3d at 625. Appellant fourth issue is overruled.

## VII. CONCLUSION

We affirm the trial court's judgment.


/s/ ROGELIO VALDEZ
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and filed
this the 22nd day of May, 2008.